# McClellan v. The State.

### Indictment for Affray.

1. *Affray ; what involves.*—An indictment for an affray necessarily involves a charge of an assault and battery, the publicity attached to the fighting being the criterion by which the common law distinguished the two offenses. If the evidence justifies it, one of the defendants may be acquitted and the others convicted of an affray, or of any lesser offense included in the charge.

APPEAL from Circuit Court of St. Clair.

Tried before Hon. W. L. WHITLOCK.

The appellant and one Cosper were indicted for an affray. Cosper had been tried separately and acquitted, when the present trial was had, and appellant claimed an acquittal on that ground. The testimony showed that the affray occurred at a public place, and that the defendant brought on the fight by attempting to collar Cosper, upon his denial, with some warmth, of a charge which appellant made against him, of enticing away one of his laborers.

The court charged the jury, in substance, that although Cosper may have been acquitted, yet if the defendant fought with Cosper willingly, and at a public place, within twelve months before the finding of the indictment, to the terror of the people, defendant might be convicted of an affray, or assault and battery, or a simple assault.

The jury convicted the defendant of an assault.

————————————————, for appellant.

JOHN W. A. SANFORD, Att'y Gen. *contra.*

BRICKELL, C. J.—An affray, as defined at common law, is the fighting of two or more persons in a public place, to the terror of the people. It is distinguished from an assault, or an assault and battery, because of the place at which it is committed, and the number engaged in it. It includes, of necessity, an assault and battery, and the gist of the offense at common law was its publicity. It is believed to have been the uniform practice in this State, when two or more are indicted for the offense, to allow the conviction of one and the acquittal of others. From this practice we are unwilling to depart, especially as it is supported by the adjudication of other States. *State v. Allen,*

[Petty v. Dill.]

4 Hawks, N. C. 356; *Cash* v. *State*, 2 Tenn. 198. There may be a fighting in a public place, in which the one party was the aggressor and the other only employed the force necessary to defend himself. This may not be developed until all the evidence is submitted to the jury, and we can see no good reason why, if the one is shown innocent and the other guilty, there should not be the verdict and judgment the evidence requires.

As we have said, an affray necessarily involves an assault and battery. Under our statutes the two offenses are visited with the same punishment. The form of indictment for an affray is that the accused "did fight together in a public place,"specifying with more certainty the particulars of the offense than did a common indictment, in which the weight of the charge rested on the averment "did make an affray." · The indictment thus framed expresses substantially that an assault and battery was committed, aggravated only by the publicity of the place. As a general rule, when an accusation includes an offense of inferior degree, there may be an acquittal of the higher and a conviction of the less offense. The rule may well be applied when the evidence shows an offense committed by one, included in the offense with which he is charged, each of the same degree. Thereby the defendant is not oppressed, nor misled as to the evidence which may be introduced against him, nor deprived of any advantage to which the law entitles him. There was no error in the instruction of the court that the jury could find the defendant guilty of an assault or an assault and battery, on the indictment, if the facts warranted it.

The judgment is affirmed.