## STATE OF ARKANSAS VS. BREWER.

INDICTMENT: *Affray and Assault and Battery cannot be joined.*

A count for an affray and one for assault and battery, cannot be joined in the same indictment under the criminal code practice. But if the count for an affray is so drawn as to include a charge of assault and battery, as it may be, the parties, one or both, may be convictod of the latter offense, if warranted by the evidence.

APPEAL from *Baxter* Circuit Court.

Hon. FRANKLIN DOSWELL, Special Judge.

*Henderson*, *Attorney General*, for the State.

ENGLISH, CH. J. :

The indictment in this case is as follows :

"The Grand Jury of Baxter County, etc., etc., accuse A. J. Brewer and G. C. Albritton of the crime of an affray, committed as follows, to-wit :    The said A. J. Brewer and the said G. C. Albritton, on the 10th day of July, A. D. 1877, in the county, etc., aforesaid, mutually, by agreement, and unlawfully did fight to, with and against each other to the terror of citizens of the State of Arkansas then and there being, against the peace, etc.

"And the Grand Jury, etc., etc., accuse A. J. Brewer of the crime of an assault and battery committed as follows, to-wit :    The said A. J. Brewer on the 10th day of July, A. D. 1877, in the county, etc., aforesaid, in and upon one G. C. Albritton then and there being, unlawfully did make an assault, and him, the said Albritton, then and there unlawfully did strike, beat, bruise, wound and ill treat, against the peace, etc.

"And the Grand Jury, etc., etc., accuse G. C. Albritton of the crime of an assault and battery, committed as follows, to-wit ; The said G. C. Albritton on the 10th day of July, A. D. 1877, in county, etc., aforesaid, in and upon one A. J. Brewer, then and there being, unlawfully did make an assault, and him, the said A. J. Brewer, then and there unlawfully did strike, beat, bruise, wound and ill treat ; against the peace, " etc., etc.

Brewer demurred to the indictment for misjoinder of offenses, the court sustained the demurrer, and the Prosecuting Attorney declined to elect on which count of the indictment he would prosecute.    Brewer was discharged, the cause dismissed, and the State appealed.

The first count in the indictment was no doubt drafted under the act of 23d July, 1868, Gantt's Digest, Sec. 1508, which provides that : "If two or more persons shall, by agreement, fight, to the terror of any citizen of this State, the person or persons so offending shall be deemed guilty of an affray; and shall be fined in any sum not less than $10 nor more than $100, or be imprisoned in the county jail not less than one nor more three months, or both."

The common law definition of an affray is "the fighting of two or more persons in some public place, to the terror of the King's subjects ; for if the fighting be in private, it is not an affray, but an assault," etc.

In the above statute, as well as in the first count of the indictment, the words "public place" are omitted, and hence we conclude that the count was drawn under the statute.

The second count charges Brewer with an assault and battery upon Albritton ; and the third count charges Albritton with an assault and battery upon Brewer.

Though, by the common law, several defendants may be included in an indictment for several distinct misdemeanors of the same kind, if severally charged, yet it is within the discretion of the court to quash such indictment. *State* vs *Nail et. al.*, 19 Ark., 563.

Two persons may commit an assault and battery, each upon the other, at the same time, but each would be guilty of a distinct and several offense, and if severally charged, may, by common law, be joined in the same indictment, but the court has the discretion to quash the indictment. *State* v. *Lemon et. al.*, 19 Ark., 577.

But now by Section 1783 of Gantt's Digest : "An indictment, except in cases mentioned in the next section, must charge but one offense, but if it may have been committed in

different modes, and by different means the indictment may allege the modes and means in the alternative."

The next section does not provide, among the exceptions mentioned, that an affray and an assault and battery may be charged in the same indictment.

In *Childs et. al.* v. *The State*, 15 Ark., 204, the parties were indicted as for an affray at common law, and each of them convicted of an assault and battery, and this court held that the allegations of the indictment were not such as to warrant the conviction, because it was alleged that they fought in a public place, but not that they fought each other.

Chief Justice Watkins, who delivered the opinion of the court, said: "There can be no doubt that if counts for an assault be added in an indictment for an affray, one or all may be convicted of the assault, if the evidence falls short of proving an affray."

But the trouble now is, since the passage of the above statute, that if in an indictment for an affray, counts be added charging the parties with an assault and battery upon each other, as in this case, more than one offense is charged in the same indictment, which is not permissible.

In this case the parties are charged in the first count with fighting together by agreement, etc., and no doubt under such count, if the State fails to prove all the material elements of an affray as defined by the statute, the parties may be convicted of an assault and battery, if the proof warrants it, and this is clearly indicated in the above opinion of Chief Justice Watkins.

In the definition of an affray, assault and battery are included. But the indictment (for common law affray) does not necessarily charge the affray in such terms as to include also an adequate technical allegation of an assault and battery. It may evidently be so drawn as to do this ; and, on principle,

if it does, there may be a conviction for assault and battery, or for simple assault, on the indictment for affray. But if the indictment is otherwise drawn (as in *Childs et. al.* v. *State, sup.*) there cannot be such conviction. 2 Bishop on Cr. Pro., Sec. 46 ; *State* v. *Allen,* 4 Hawks, 356 ; *State* v. *Stanley,* 4 Jones, N. C., 290-2.

In this case the parties were charged with a statute affray committed by fighting together by agreement, and under such charge, if the State fails to prove the material elements which constitute the offense, one or both of the parties may no doubt be convicted of an assault and battery, if warranted by the evidence. It was therefore unnecessary to add the counts for assault and battery.

When the Prosecuting Attorney intends to charge in an indictment but one offense, but finds it necessary to allege the offense in different forms or modes by adding counts, which he may well do in some cases, to meet contingencies in the evidence, and the indictment thus drawn seems upon its face to charge several offenses which may not be joined, and is demurred to on that account for misjoinder, he may avoid the demurrer in the manner indicated by this court in *State* v. *Jourdan,* 32 Ark., 203.

Affirmed.