# Thompson *v.* The State.

### Indictment for Affray.

1. *Organization of grand jury.*—The act approved February 13th, 1879, regulating the drawing of grand and petit jurors in certain counties therein named (Sess. Acts 1878–9, p. 204), by which the number of grand jurors was reduced from eighteen to fifteen, was not intended to be retroactive. Where the grand jurors were drawn under the general law (Code, § 4738), prior to the passage of said special statute, the jury was properly organized, though subsequent thereto, with eighteen members.

2. *Conviction of assault and battery, under indictment for an affray.* An assault and battery being necessarily included in an affray, a conviction of the former offense may be had under an indictment charging the latter.

3. *Constituents of affray.*—Under an indictment for an affray, charging that the three defendants named "did fight together in a public place" (Code, p. 993, Form No. 19), a conviction may be had on proof

[Thompson v. The State.]

that they fought, not against each other as antagonists, but as common antagonists against a fourth person not indicted.

FROM the Circuit Court of Cleburne.

Tried before Hon. LEROY F. BOX.

The indictment in this case was found in March, 1879, and charged that the defendants, "Alexander Thompson, Alexander Thompson, the younger, and Samuel Thompson did fight together in a public place, contrary to law, and against the peace," &c. "On the trial," as the bill of exceptions shows, "the State introduced one Thomas Holland as a witness, who testified that, within twelve months before the finding of the indictment in this case, in the town of Chulafinne, a public place in said county, the defendants assaulted and beat him; that there was no difficulty between said defendants at said time and place, but they all fought him. The defendants moved to exclude this evidence from the jury, on the ground that it was variant from the allegations of the indictment, and because the indictment does not mention said Holland as the party assaulted, or as participating in the affray charged; and because the indictment charges that the defendants fought together, and said testimony failed to show any fight between the defendants. The court overruled the said motion, and the defendants excepted. The State introduced further evidence, also, showing that said defendants, at the time and place mentioned, assaulted and beat said Holland. This was all the evidence in the case; and the defendants thereupon asked the court, in writing, to charge the jury, that, if they believe all the evidence, they must find the defendants not guilty;" also, "that if they believe, from the evidence, that all the defendants fought on one side, and did not fight each other, but all fought said Holland, they can not find the defendants guilty;" also, "that if they believe, from the evidence, that the defendants all fought on one side, against Holland, then they did not fight together, and they can not be found guilty." The court refused each of these charges, and the defendants duly excepted to their refusal.

The defendants afterwards moved in arrest of judgment, "on the ground that more than fifteen men were drawn on the grand jury by which the indictment was found;" relying on the provisions of the special act of the General Assembly approved February 13th, 1879, regulating the number of jurors, grand and petit, to be drawn in each of several designated counties, one of which is Cleburne, and reducing the number to fifteen.—Session Acts 1878–9, p. 204, No. 174. The court overruled said motion in arrest, "because the records show that said grand jury was drawn before the passage of said special statute," and the defendants duly excepted.

[Thompson v. The State.]

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—The question raised on the drawing and organization of the grand jury, was settled adversely to the appellant, in the cases of *Marler v. The State,* and *Creamer v. The State,* at the present term.—68 Ala. 580; *ante,* p.

2. An affray is the fighting of two or more persons in a public place, to the terror of the people.—4 Blackst. Com. 145; Clark's Manual, § 1467; 2 Bish. Cr. Law, § 1; 1 *Ib.* § 535. The qualities that distinguish an affray from an assault and battery are, that two or more persons must be engaged in the same combat, and the place must be public. The controlling thought of the defense in this case is, that, as all the persons named in this indictment fought on one side, against a fourth person not indicted, they can not be found guilty under this indictment. It is a sufficient answer to this objection, that persons indicted for an affray, may be convicted of an assault and battery; the latter offense being necessarily included in the former.—*McClellan v. The State,* 53 Ala. 640. Each of the charges asked conceded the fighting of two or more persons in one and the same rencontre, but claimed that, if it was not shown that some of the defendants fought against each other, then they must be acquitted. If it be conceded that, to constitute an affray, the defendants must sustain antagonistic relations to each other in the combat, these charges were rightly refused, because they asked too much. The most that could be claimed, on the hypothesis of the argument, was, that the jury could not convict of an affray. For the same reason, the Circuit Court did not err in refusing to exclude the testimony of the witness Holland, on whom the injury is charged to have been committed.

3. But we are not prepared to admit the soundness of the argument. The offense is made up of the number of the offenders engaged—two or more—the publicity of the place, and the presumed terror of the people, caused by their fighting together in such place. All these elements co-exist, and all these effects are produced, whether the two or more combatants fight on opposing sides, or on the same side. A rescue, or attempted rescue, by violence, of a person legally arrested, and in the custody of an officer of the law, if perpetrated by two or more acting together, in a public place, is an affray.—2 Bish. Cr. Law, § 5, and authorities cited.

Affirmed.