(86 South. 166)

CAIN v. STATE. (8 Div. 703.)

(Court of Appeals of Alabama. June 22, 1920.)

1. HOMICIDE ⬥164—THAT DECEASED WAS UNDER INFLUENCE OF LIQUOR, ON DAY OF KILLING HELD PROPERLY EXCLUDED.

In a prosecution for homicide based on the killing of a woman by defendant in the alleged defense of his sister, it was not error to exclude evidence that decedent was under the influence of liquor the day she was killed, since her condition during the day would shed no light on whether she was under such influence at the time of the killing.

2. HOMICIDE ⬥122—RIGHT OF DEFENSE OF ANOTHER COEXTENSIVE WITH RIGHT OF SELF-DEFENSE.

The right of one to defend another is coextensive with the right of the one to defend himself, and the one who defends the other is upon no higher plane than the one defended, and so, if the one defended is not free from fault in bringing on the difficulty, his defender cannot be.

3. HOMICIDE ⬥122—BONA FIDE BELIEF OF NECESSITY TO STRIKE IN DEFENSE OF SISTER HELD INSUFFICIENT.

In a prosecution for killing a woman, wherein defendant alleged that the act was in defense of his sister, an instruction, predicating defendant's right to take life in defense of his sister on the bona fide belief of necessity as to his sister's peril and of an existing necessity to strike, held properly refused; a bona fide belief not being sufficient, but the condition must have existed as an actual fact.

4. CRIMINAL LAW ⬥829(1)—CHARGES COVERED PROPERLY REFUSED.

In a prosecution for homicide, it is not error to refuse charges practically covered by written charges given.

5. HOMICIDE ⬥301—INSTRUCTION AS TO DEFENSE OF SISTER OMITTING ELEMENTS OF SELF-DEFENSE PROPERLY REFUSED.

In a prosecution for the killing of a woman, wherein defendant sought to interpose defense of his sister, instructions, omitting some of the elements necessary to constitute self-defense, held properly refused.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6. CRIMINAL LAW ☞789(16)—INSTRUCTION TO CONVICT, ALTHOUGH DEFENDANT POSSIBLY NOT GUILTY, HELD PROPER.

In a prosecution for homicide in defense of defendant's sister, an instruction that if the jury believed from the evidence beyond a reasonable doubt that defendant was guilty they must convict, although they believed it possible that he was not guilty, *held* proper.

Appeal from Circuit Court, Limestone County; Robt. C. Brickell, Judge.

Will Cain was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following charges were given for the state:

"I charge you, gentlemen of the jury, that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty, it is your duty to convict him, although you believe it is possible that he is not guilty."

The following charges were refused to the defendant:

"(32) I charge you, gentlemen of the jury, that if Lillie Cain was free from fault in provoking or bringing on the difficulty between her and Lucy Garrett, and if there was a present impending peril to her life or danger of great bodily harm to her, either real or so apparent as to create a bona fide belief of an existing necessity to strike in defense of his sister, and there was no convenient and reasonable mode of escape by retreat or declining the combat with safety, then the defendant Will Cain, would have the right, and it was his duty under the law, to cut or stab in defense of his sister, Lillie Cain, to prevent the commission of a felony upon her, unless you are reasonably satisfied from the evidence in this case that the defendant, Will Cain, provoked the difficulty, or could have saved his sister, Lillie Cain, from such real or apparent danger by resort to measures less harsh."

"(38) I charge you, gentlemen of the jury, that a brother will not be held responsible, either civilly or criminally, if he acts in defense of his sister, if that sister is in a position of danger, either apparent or real, and is not at fault in provoking the difficulty, and did not enter the fight willingly."

"(43) If the jury believe from all the evidence that Will Cain knew nothing of the fight between his sister, Lillie Cain, and Lucy Garrett until after it had commenced, and that he ran out to where the fight was going on, and that it reasonably appeared to him that Lillie Cain was in danger of grievous bodily harm, whether or not such danger actually existed, and that it would have so appeared to any reasonable man, then Will Cain would be guilty of no offense in cutting or stabbing Lucy Garrett, the deceased, and you must find the defendant, Will Cain, not guilty."

"(44) I charge you, gentlemen of the jury, that if you believe Lillie Cain was free from any fault in provoking any difficulty between herself and Lucy Garrett, the deceased, and that she had no reasonable mode of escape without increasing her real or apparent danger, and that Lillie Cain was acting in self-defense, as defined to you in the oral charge of the court, then you must find the defendant, Will Cain, not guilty."

W. R. Walker, of Athens, for appellant.

Killing by parent, child, brother, or sister in the necessary defense of one another is excused. 129 Ala. 23, 30 South. 348; 39 South. 608; 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; 134 Ala. 20, 32 South. 704; 106 Ala. 1, 17 South. 328; 91 Ala. 108, 9 South. 236; 128 Ala. 27, 29 South. 557, 86 Am. St. Rep. 71. The charges as to self-defense were proper. 89 Ala. 63, 8 South. 110.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. [1] The defendant was convicted of manslaughter in the first degree, his punishment being fixed at five years in the penitentiary. During the trial the defendant sought to show that the deceased was under the influence of liquor the day she was killed. The court did not commit any error in refusing to allow this, for her condition during the day would shed no light on whether she was under such influence at the time of the killing. King v. State, 90 Ala. 616, 8 South. 856; Teague v. State, 144 Ala. 42, 40 South. 312.

[2] One theory of the defense was that the defendant was justified in the killing, for the reason that at the time deceased was killed, she (deceased) was attempting to take the life of defendant's sister. The right is well settled in this state that the right of one to defend another is coextensive with the right of the other to defend himself, and the one who defends the other is upon no higher plane than the one defended; and so if the one defended is not free from fault in bringing on the difficulty, his defender cannot be, for when one intervenes to defend another, even though the one be in imminent danger of life or limb, he does so at his peril, if he strikes in defense of one not free from fault in bringing on the difficulty. Gibson v. State, 91 Ala. 64, 9 South. 171; Karr v. State, 106 Ala. 1, 17 South. 328; Sherill v. State, 138 Ala. 3, 35 South. 129; Weaver v. State, 1 Ala. App. 48, 55 South. 956.

When a son in the necessary defense of his father kills another, his right to justify on the grounds of self-defense must have the same foundation as the act of the father would have had, if he had committed the homicide; and the father, as well as the son, must be in a position to invoke the doctrine of self-defense. Pearce v. State, 4 Ala. App. 33, 58 South. 996.

[3, 4] Written charge 32 does not state a correct proposition of law, and there was no

error in refusing it, for that it predicates the defendant's right to take life in defense of his sister on the bona fide belief of the defendant as to the peril of his sister and of an existing necessity to strike, when bona fide belief is not sufficient. The condition must have existed as an actual fact. Weaver v. State, supra. Besides, the charge is practically covered by given written charges 29, 30, and possibly others.

[5] Charges 38 and 43 omit some of the elements necessary to constitute self-defense, and for this reason, if none other, are faulty.

Written charge 44 was covered by other written charges given at the request of the defendant, and its refusal was not error.

[6] Written charge 1, given at the request of the state, correctly states the law. There is no error in the record, and the judgment is affirmed.

Affirmed.