## LOMAN v. STATE.    (4 Div. 843.)

(Court of Appeals of Alabama. Feb. 12, 1922. Rehearing Denied April 8, 1924.)

**1. Criminal law ☞363—Parts of still held admissible as part of res gestæ.**

In prosecution for possession of still, trough and pipe constituting part of the still

alleged to have been found on defendant's premises, *held* admissible as part of res gestæ.

**2. Criminal law ☞1163(3)—Refusal to require parts of still to be produced in court, held not ground for reversal, no injury being shown.**

In prosecution for possession of still, in which there was testimony as to articles comprising the still charged to have been in defendant's possession, and there was no contention that such articles were not part of a still, court's refusal to grant defendant's motion to require certain parts of still in sheriff's possession to be produced in court was not reversible error, on defendant's appeal; it being duty of defendant to show injury in court's ruling.

**3. Criminal law ☞406(4)—Plea of guilty on preliminary hearing held admissible.**

The fact that defendant pleaded guilty before the justice of the peace on preliminary hearing is admissible.

**4. Criminal law ☞761(9) — If facts not in doubt, court may so state.**

Where facts are fully proven or are not in doubt, the court may so state in its charge to the jury.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Loman was convicted of possessing a still, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the rulings discussed, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant was without right to require the state to offer the still in evidence. 1 Mayfield's Dig. p. 320, 37; Acts 1919, p. 12, § 12; Peek v. State, ante, p. 370, 97 South. 374. The confession made before the justice of the peace was admissible. 4 Michie's Ala. Dig. 237. Where facts are fully proven, the court may so state in charge to the jury. Miller v. State, 107 Ala. 40, 19 South. 37.

SAMFORD, J. [1, 2] The trough and pipe, as being a part of a still alleged to have been found on defendant's premises, were admissible in evidence as a part of the res gestæ of the crime charged in the indictment. Mitchell v. State, 94 Ala. 68, 10 South. 518; Ezell v. State, 103 Ala. 8, 15 South. 818. But where the articles comprising the still charged to have been possessed by defendant have been testified to, and no element of contention appears in the record that the articles were not a part of a still, and it being the duty of appellant to show injury in the court's ruling, the court will not be reversed for refusal to grant defendant's motion to require certain parts of the still, then

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 460.

in possession of the sheriff, to be produced in court.

[3] The fact that defendant pleaded guilty before the justice of the peace on preliminary hearing is admissible. Bibb v. State, 83 Ala. 84, 3 South. 711.

[4] There was no error in the oral charge of the court as indicated by the excerpts excepted to. Where facts are fully proven, or as to which there is no doubt, the court may so state in its charge to the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.