ED CARNLEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed October 18, 1924.

Petition for Rehearing Denied November 3, 1924.

1. The common law defined an affray as the fighting of two or more persons in a public place to the terror of the people.

Our statute merely prescribes the punishment for, and does not attempt to define an affray; so we must resort to the common law definition.

2. It has been repeatedly held that an affray by fighting as defined by the common law and by statutes which substantially follow and denounce the common law offense, necessarily include assault and battery, and that an indictment for the former offense is in effect merely for the several assaults and batteries.

3. On the ground of clear concise pleading we think that the affray and the assault and battery should have been at least charged in separate counts, but we have no rule or statute requiring that an indictment or information shall charge but one offense or words of like import.

A Writ of Error to the Court of Record for Escambia County, C. Moreno Jones, Judge.

Judgment affirmed.

*Leroy V. Holsberry* and *L. V. Trueman, for Plaintiff in Error.*

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

TERRELL, J.—A. L. Harwell and Ed Carnley were informed against in the Court of Record of Escambia County, and omitting the formal parts the information is as follows:

"Be it remembered, that William Fisher, county solicitor for the County of Escambia, prosecuting for the State of Florida, in said county, under oath information, makes that A. L. Harwell and Ed Carnley, late of the County of Escambia, in the State aforesaid, on the twenty-first day

of August in the year of our Lord, One Thousand, Nine Hundred and Twenty-three at and in the County of Esacmbia aforesaid, Did then and there in a certain public place, to-wit: certain road used by members of the public, to the terror of many and divers people there lawfully being, make an affray by then and there fighting together, and therein each did then and there make an assault on and beat, bruise, wound and ill-treat the other, against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.''

Motion to quash the information was denied, a trial was had and A. L. Harwell was acquitted, while Ed Carnley was found guilty of assault and battery and sentenced to pay a fine of $100 and cost, or in default thereof to be imprisoned at hard labor in the county jail for three months. Writ of error was taken from this judgment.

The first assignment of error charges that Harwell and Carnley cannot be charged with the commission of an affray and an assault and battery in the same information.

The common law defined an affray as the fighting of two or more persons in a public place to the terror of the people. Our statute merely prescribes the punishment for, and does not attempt to define an affray; so we must resort to the common law definition.

Is assault and battery then embraced within an affray? It has been repeatedly held that an affray by fighting as defined by the common law and by statutes which substantially follow and denounce the common law offense, necessarily include assault and battery, and that an indictment for the former offense is in effect merely for the several assaults and batteries. Thompson v. State, 70 Ala. 26; State v. Brewer, 33 Ark. 176; State v. Baker, 83 N.

C. 649; State v. Brown 82 N. C. 585; 2 C. J. 389; 8 R. C. L. 342; 2 Bishop's Crim. Law (9th ed.) 264.

On the ground of clear concise pleading we think that the affray and the assault and battery should have been at least charged in separate counts, but we have no rule or statute requiring that an indictment or information shall charge but one offense or words of like import, and Section 6064, Revised General Statutes of Florida, 1920, is of contrary intent, in the light of which we feel impelled to hold the information good.

It may be stated further in this connection that double or divisible counts, this being the class to which the one in question belongs, are not new to criminal procedure. They occur frequently in cases where one offense grows out of another, or is involved in or becomes the counterpart of another, like burglary with larceny, assault with assault and battery, and affray or riot with assault and battery, 3 Wharton's Crim. Proc. (10th ed.) p. 2105. On this ground the instant case may be distinguished from McGahagin v. State, 17 Fla. 665.

Other assignment go to matters that under the law of this State are for determination by the jury, and we see no reason to disturb their finding. Williams v. State 68 Fla. 88, 66 South. Rep. 424; Davis v. State, 68 Fla. 81, 66 South. Rep. 429; Peeler v. State, 64 Fla. 385, 59 South. Rep. 899; Clark v. State, 59 Fla. 9, 52 South. Rep. 518.

The verdict is a reasonable deduction from the evidence, was approved by the trial court and is affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.