### DAWSON v. STATE.  (8 Div. 406.)

(Court of Appeals of Alabama.  April 13, 1926.)

1. Witnesses ⬥⟾266—Declining to permit counsel for accused to interrupt direct examination for purpose of cross-examination held not error.

Declining to permit counsel for accused to interrupt, for purpose of cross-examination, state's witness, who testified that he heard accused plead on preliminary charge, held not error.

2. Criminal law ⬥⟾1170½(5)—Any error in declining to permit accused to interrupt direct examination for purpose of cross-examination held harmless, in view of requirement of preliminary proof.

Any error in declining to permit counsel for accused to interrupt direct examination for purpose of cross-examination was rendered harmless by requirement of preliminary proof by state that accused was in court, represented by counsel, and that he understood charge and pleaded to it.

3. Criminal law ⬥⟾682—Refusal to allow interruption of testimony for state to permit counsel for accused to rebut it held proper.

Where state attempted to prove that accused was arraigned on preliminary hearing and pleaded guilty, refusal to permit interruption by his counsel to prove that accused was deaf and partially blind held not error; such testimony being rebuttal in character, and properly deferred until giving of testimony sought to be rebutted.

4. Criminal law ⬥⟾406(4).

Admission of evidence that accused pleaded guilty on preliminary hearing on identical charge held not error.

5. Intoxicating liquors ⬥⟾227.

In prosecution for possessing still, testimony of wife of accused in answer to questions whether he was ignorant and illiterate, and had ever gone to school, held properly excluded.

6. Criminal law ⬥⟾829(1).

Refusal of charges which are fairly and substantially covered by those given and by general charge is not error.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Leroy Dawson was convicted of possessing a still, and he appeals. Affirmed.

R. B. Patton, of Athens, for appellant.

A confession made by a person under arrest and before a committing magistrate is inadmissible, unless voluntarily made, after defendant was advised that he could not be compelled to incriminate himself, and cautioned that the confession might be used against him. Tuttle v. People, 79 P. 1035, 33 Colo. 243, 70 L. R. A. 33, 3 Ann. Cas. 513; Coffee v. State, 6 So. 493, 25 Fla. 501, 23 Am. St. Rep. 525; 1 R. C. L. 570; Underhill's Crim. Law (3d Ed.) 317. It must be shown that the defendant heard the charge and understood it. Cook v. State, 78 So. 306, 16 Ala. App. 390. Sex, age, disposition, education, intelligence, etc., of defendant, are proper elements to be considered, in determining whether the confession was voluntary. Underhill, p. 315; Cook v. State, 78 So. 306, 16 Ala. App. 390; Curry v. State, 82 So. 489, 203 Ala. 239. Defendant should have been allowed to cross-examine the sheriff before he testified to the plea of guilty. Curry v. State, supra; Cook v. State, supra.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Testimony as to the plea of guilty was properly admitted. Bibb v. State, 3 So. 711, 83 Ala. 84; Loman v. State, 99 So. 769, 19 Ala. App. 611. There is no error in refusing charges covered by the oral charge or given charges. When a witness may be cross-examined is within the discretion of the court.

RICE, J.  The indictment in this case was in two counts, charging, first, the manufacture of prohibited liquor, and, second, the possession of a still. The jury returned a verdict of guilty under the second count.

When arrested defendant was in the woods in the act of digging a hole which, it was testified, was suitable for the placing of a still furnace. In different directions and at varying distances from this hole the parts of a still and a barrel containing alcoholic beer were found, concealed by bushes. The defendant offered no evidence in contradiction of these facts or in denial of the charge.

A witness for the state, the sheriff, testified that he was present when defendant was arraigned on preliminary and heard him plead to the charge. Defendant's counsel at this point interrupted the examination, stating that he wished to cross-examine the witness and to offer witnesses to prove that defendant was deaf and partially blind. The court denied the right to cross-examine or to make the proof offered, but stated that this could be done later. To the question then

---

⬥⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

asked the witness, "Well, was his plea guilty?" defendant objected upon the ground that defendant was not shown to have been in court represented by counsel, and that he understood the nature of the charge to which he was pleading. The court overruled this objection, but stated to the solicitor that it would be necessary to prove that defendant was in court, arraigned on the charge, and pleaded to it. The witness then testified that defendant was in the inferior court of Athens, Ala., was arraigned before Judge Clem, the judge of that court, upon the identical charge, and was asked by the judge whether he was guilty or not guilty. Thereupon the witness was asked: "What was the reply?" Over further objection the witness answered: "He pleaded guilty." Thereafter the state's witness Clem testified that defendant was arraigned before him on the identical charge; that witness read the complaint, containing two counts, to the defendant, and asked defendant if he was guilty or not guilty; that defendant said he was guilty; that witness then asked defendant if he meant to plead guilty of making whisky and having in possession a still; and that defendant replied: "Yes, sir." On cross-examination witness Clem testified that when this plea was entered the defendant was sitting about six feet from witness and that witness "spoke to him about as loud as I am speaking now." To the question whether or not defendant heard and understood the witness, the witness replied: "Well, I could not say except from what he said. He answered my question."

[1-4] There was no error in declining to permit defendant to interrupt the direct examination of the witness for the purpose of cross-examination. Even if so, however, any error was rendered harmless by the requirement of the preliminary proof on the part of the state pointed out in defendant's objection. Defendant's proffered evidence of deficiency in sight and hearing was rebuttal in character and was properly deferred until the witness had given the testimony sought to be rebutted. Thereafter defendant was permitted to offer proof that he was deaf and partially blind and that in pleading in the inferior court he understood the judge to ask if he was digging a hole. Nor did the court err in admitting the plea of guilty made upon the preliminary hearing of defendant upon the identical charge. Bibb v. State, 3 So. 711, 83 Ala. 84; Seaborn and Jim v. State, 20 Ala. 15; Loman v. State, 99 So. 769, 19 Ala. App. 611.

[5] On the examination of the defendant's wife as a witness she was asked if defendant was ignorant, if he was illiterate, and if he had ever gone to school. The state's objections to these questions were sustained. In this there was no error. Apart from the plea of guilty in the inferior court, there was sufficient evidence, wholly uncontroverted, to justify the verdict.

[6] We have said enough to indicate that the defendant was not entitled to the affirmative charge. Some of defendant's requested charges were refused and their refusal is assigned as error. We have carefully examined these charges; those given for defendant and the general charge of the court. The refused charges were fairly and substantialy covered by given charges and the general charge. Indeed, defendant had more in the way of instruction than he was entitled to.

Finding no prejudicial error, the judgment will be affirmed.

Affirmed.