(109 So. 295)

## NOLEN v. STATE.  (8 Div. 385.)

(Court of Appeals of Alabama.  June 29, 1926.)

**1. Homicide ⬅158(1).**

Statement by defendant to deceased, "There will be another day besides this one, old boy," made shortly before homicide, *held* admissible as in nature of threat.

**2. Homicide ⬅169(6)—Cross-examination of witness as to whether deceased, shot in afternoon, was drunk that morning, held properly excluded, in absence of overt act against defendant and since too remote.**

In prosecution for homicide, occurring about 3 or 4 o'clock in afternoon, cross-examination of doctor as to whether deceased was drunk that morning *held* properly excluded, as too remote in time, and since there was no evidence to prove overt act by deceased towards defendant, attendant with danger to life or limb.

**3. Criminal law ⬅345.**

Direct examination of defendant, whether he had gone through a certain place in order to get to another place, *held* properly admitted as tending to explain conduct.

**4. Criminal law ⬅413(1), 448(1).**

Facts tending to explain conduct of defendant, prosecuted for homicide, are admissible, though conclusions cannot be proved or defendant allowed to make self-serving declarations.

**5. Homicide ⬅190(1).**

In prosecution for homicide, evidence of statement by deceased that he told defendant he wanted to see him personally, made after threat

by deceased against defendant, *held* properly excluded as not part of threat proven.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Dan Nolen, alias Noland, was convicted of manslaughter in the first degree, and he appeals. Affirmed.

A. H. Carmichael, of Tuscumbia, for appellant.

In order to clear himself of the implication of seeking out his opponent, and as bearing on the issue of self-defense, defendant had a right to state his purpose or motive in taking the route that he traveled on the occasion in question. Gilchrist v. State, 19 Ala. App. 16, 95 So. 198; Pearce v. State, 4 Ala. App. 32, 58 So. 996; Bailey v. State, 4 Ala. App. 7, 58 So. 675; Goforth v. State, 183 Ala. 66, 63 So. 8; Crenshaw v. State, 205 Ala. 256, 87 So. 328. Counsel discusses the other questions raised and treated, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Whether the statement of defendant was a threat was a question for the jury. Rice v. State, 20 Ala. App. 102, 101 So. 82. Whether deceased was drunk in the morning would shed no light on his condition at the time of the difficulty. Cain v. State, 17 Ala. App. 530, 86 So. 166. Uncommunicated intention is inadmissible. Largin v. State, 20 Ala. App. 550, 104 So. 50.

BRICKEN, P. J. [1] The wife of the deceased, testifying for the state, said:

"I heard Nolen (defendant) make a threat against my husband the day of the trial; that was the day before he was killed. The trial was on Monday. He looked right at my husband and said: 'There will be another day besides this one, old boy.' "

This was the day before the homicide, in the courthouse, just after a trial where defendant had been the prosecutor in a criminal prosecution of deceased. The statement was in the nature of a threat, and was admissible.

[2] On the cross-examination of Dr. Waldrep, the court refused to permit defendant's counsel to ask, "Was Ryan drunk when you saw him that morning?" The shooting took place about 3 or 4 o'clock in the afternoon. The ruling of the court was free from error for two reasons: First. At the time this question was asked there was no evidence tending to prove an overt act on the part of deceased towards defendant, attendant with danger to life or limb. Cooke v. State, 18 Ala. App. 416, 93 So. 86. Second. The time inquired about was too remote. Cain v. State, 17 Ala. App. 530, 86 So. 166.

[3, 4] Defendant's counsel on direct examination asked defendant, while being examined as a witness, "You had to go through that place in order to go to the other place?" Objection by the state to this question was sustained. In this there was no error. The authorities cited by appellant are not in point. It is always permissible to prove facts, which tend to explain the acts or conduct of the defendant, but it is not permissible to prove conclusions or to allow defendant to make self-serving declarations. Largin v. State, 20 Ala. App. 550, 104 So. 50.

[5] On the examination of Maddox, a witness for defendant, the following occurred:

"Defendant's counsel then asked the witness this question: Did you hear Ryan make a threat against defendant?

"Witness answered: All I heard him say was that nobody could check at him and get by with it. He said that that fellow had better take out or he was liable to leave there suddenly.

"Defendant's counsel then asked the witness this question: Who said that?

"Witness answered that Ryan, and then he told Mr. Nolen he wanted to see him personally.

"On motion of the solicitor, the court excluded the statements of witness that Ryan told Nolen he wanted to see him personally, because it was illegal, immaterial, and irrelevant testimony and not in the nature of a threat, and was not a part of the res gestæ, to which action of the court defendant's counsel then and there in open court duly excepted."

The remark excluded was not a part of the threat proven, and its exclusion was not error.

There were other exceptions reserved, but the foregoing are all that are insisted upon in brief of counsel.

The other exceptions are examined, and in each instance the rulings of the court were without error or were of such character as not to have injuriously affected the substantial rights of defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.