(121 So. 444)

**BURCH v. STATE.   (6 Div. 320.)**

Court of Appeals of Alabama.   March 26, 1929.

Appeal from Circuit Court, Cullman County;   James E. Horton, Judge.

Paine Denson, of Birmingham, and F. E. St. John, of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   Appellant was indicted for the offense of murder in the first degree. His trial resulted in his being convicted of murder in the second degree and his punishment fixed at ten years' imprisonment in the penitentiary.

He killed his own father, Monroe Burch, by shooting him with a shotgun. This fact is without dispute. Defendant claimed to have shot in defense of his mother, who was the wife of deceased, and insisted that at the time of the shooting the deceased was making an attack upon her with a stick or piece of wood, with the expressed intention of killing her.

Several exceptions were reserved to the certain rulings of the court upon the evidence. No reversible error appears in this connection. We refrain from discussing these points of decision, as no good purpose could be subserved by so doing. The rulings complained of were in line with the well-established rules of evidence, and it is clear that the substantial rights of the accused were

not injuriously affected by any of these rulings.

■ The defense relied upon by the defendant, if bona fide, is allowable under the law, for it is the well-settled rule, under certain restrictions, that a son may strike in defense of his mother. This right, however, is coextensive with the right of the parent being attacked to defend himself, and in the instant case whatever the mother may have rightfully done in repelling the assault, actual or threatened, the son coming to her rescue could have rightfully done also. Karr v. State, 106 Ala. 1, 10, 17 So. 328; Vaughan v. State, 21 Ala. App. 204, 107 So. 797.

■ The undisputed evidence disclosed that the difficulty resulting in the unfortunate patricide occurred in the dwelling house where each of the participants resided; it was their home. This being true, no one of them was under any duty to retreat. As stated, the defendant does not contend that he shot in defense of himself, but did insist that he shot in defense of his mother, who was at the time being assaulted by the deceased. Under the rules stated, the defendant had the same right to defend his mother that the mother had to defend herself, and if the mother was under no duty to retreat the defendant would be under no such duty, and the mother being ·assaulted in her own home was under no legal duty to retreat. Whatley v. State, 91 Ala. 108, 9 So. 236. From what has been said, we must perforce hold that the refusal ·to give defendant's special written charge on the question of retreat was error.

■ We are of the opinion that there was also error in giving to the jury the special written charge requested by the state. The charge places too high a duty upon the appellant. He had the right to act upon the appearance of things at the time he fired the fatal shots, and if the facts and circumstances attending the killing were such as to justify a reasonable belief that his mother was at the time in danger of great bodily harm or death, and he honestly believed such to be the case, and if then and there, surrounded by the attendant circumstances, he reasonably believed that it was necessary to shoot the deceased to prevent great bodily harm or death to his own mother, he would be justifiable under the law, although as a matter of fact his mother was in no danger. Sherrill v. State, 138 Ala. 3, 35 So. 129,

There were divergent theories of the defendant and the state, and this was for the jury to determine.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.