21 So.2d 704

### OLIVER v. STATE.
#### 4 Div. 880.

Court of Appeals of Alabama.
April 10, 1945.

Harry Adams, of Enterprise, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

The Assistant Attorney General has stated the situation here, along with proper citation of authorities, in a way that renders it unnecessary for us to add anything.

We, approving all that he says, simply adopt as the opinion of this court the brief filed here by him. It follows, to-wit:

"Appellant was tried and convicted in the Circuit Court of Coffee County, Alabama, under an indictment, charging that he 'did sell or have in possession illegally prohibited liquor or beverages' or that he 'did sell or have in possession illegally, give, barter, exchange, receive, deliver, carry, or ship prohibited liquors contrary to law and against the peace and dignity of the State of Alabama.'

"From the judgment of conviction and the sentence rendered thereon he prosecutes this appeal.

"Without attempting to deal in detail with the facts as shown by the record, suffice it to say that the officers of the law testified that at the time they arrested appellant he had in his hand a jug, which contained homebrew or beer. And that at the same time they arrested another party, who likewise had a jug of beer or homebrew. The appellant testified that the homebrew or beer was not his, but belonged to someone else, and that he merely went with the party to get him a drink. He said, however, that he did take a drink of the homebrew. The testimony of the appellant himself corroborated the State's testimony that the liquid in the jug was homebrew.

"The applicable statutory law is found in Title 29, Sections 93 and 125, Code of Alabama 1940.

"Proving that 'homebrew looked like, smelled like and tasted like beer' was itself sufficient evidence from which the jury was authorized to find that it was a 'prohibited liquor' within the meaning of the above cited Code sections. Grant v. State, 23 Ala.App. 54, 120 So. 465.

"Testimony by the defendant, referring to liquid as homebrew, showed liquor pro-

hibited within the meaning of the above cited Code sections. Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603."

The judgment is affirmed.

Affirmed.