29 So.2d 429.

**ROBINSON v. CITY OF DECATUR.**

8 Div. 560.

Court of Appeals of Alabama.

March 11, 1947.

Peach, Caddell & Shanks, of Decatur, for appellee.

Russell W. Lynne, of Decatur, for appellant.

HARWOOD, Judge.

This appellant was first found guilty in the Recorder's Court of the City of Decatur of assaulting Claude Shannon and Leldon Terry with a pistol, in violation of Section 20 of Chapter 14 of the City Code of Decatur; which Section is as follows:.

"Sec. 20. Dangerous weapons; drawing or threatening to use.

· "Whoever draws, or threatens to use, any pistol, dirk, knife, slungshot, or other deadly or dangerous weapon, already drawn upon any other person, shall be fined not less than one dollar nor more than one hundred dollars, to which may be added hard labor for the city not exceeding six months, but the provisions of this section shall not apply to a person drawing or threatening to use such dangerous or deadly weapon in defense of his person or property, or in defense of those entitled to his protection by law."

The appellant perfected his appeal from his conviction in the Recorder's Court to the Morgan County Court of Morgan County, and demanded a jury trial. In the Morgan County Court he was by a jury found guilty and a fine of $100 was assessed against him. From such conviction and penalty appellant perfected his appeal to this court.

The tendency of the evidence introduced by the city in the trial below was that Claude Shannon, Leldon Terry, and two other employees of the Decatur Transit Company, having just gotten off from work with the Transit Company, were riding around the City of Decatur at about 3:00 or 3:30 on a morning in the month of August, 1945. Near a street intersection they heard a woman crying for help. They passed by a short distance but decided to return and investigate. Upon returning they saw a negro man fighting a negro girl who was down on the ground.

They thereupon pulled the man off the girl who was crying, and had had most of her clothes torn off. The girl got up and stood nearby. As the group were thus standing around the appellant came up and after putting a coat around the girl he proceeded to pull a pistol and said: "Back off, you white sons of bitches, or I will blow your hearts out."

Inferentially it appears from the record that the girl being assaulted was the appellant's daughter, and her assailant was her husband.

All witnesses for the city testified that at no time was the girl touched by any one other than by the man who was beating her when the four Transit Company employees went to her rescue.

The appellant offered no evidence in the trial below.

Counsel for appellant argues that in view of the inferential showing of the relationship of father and daughter existing between appellant and the assaulted girl that appellant was justified in drawing a weapon in defense of one entitled to his protection by law, that the section under which appellant was prosecuted specifically provides that it shall not apply under such circumstances, and that therefore the court erred in giving to the jury at the request of the city the following written charges:

"X-2. The Court charges the jury that there is no evidence before you of any defense by the defendant of his person or property or of those entitled to his protection by law.

"X-4. The Court charges the jury that there is no evidence that the defendant in this case was acting in defense of his daughter."

The general rule is that a third person who intervenes in defense of another steps into that person's shoes, and only those defenses that could be set up by the assaulted party are available to the intervenor. Bostic v. State, 94 Ala. 45, 10 So. 602; Jordan v. State, 82 Ala. 1, 2 So. 460.

While some jurisdictions have enlarged this doctrine in situations where the intervenor acts in defense of a relative entitled by law to his defense, and permit him to act under such circumstances when he has reasonable grounds to believe that such relative is in immediate danger, or in other words, to act upon appearances (see note in 45 L.R.A.,N.S., 145), most jurisdictions, including Alabama, have made no extension of the general rule as to the defense of persons standing in the family relation. It is clear under the doctrine of our cases that one intervening in defense of a relative entitled to his protection by law is in no different situation than if he had intervened in defense of a nonrelative. Weaver v. State, 1 Ala.App. 48, 55 So. 956; Pearce v. State, 4 Ala.App. 32, 58 So. 996; Cain v. State, 17 Ala.App. 530, 86 So. 166; Burch v. State, 23 Ala.App. 89, 121 So. 444; Lovejoy v. State, 31 Ala. App. 244, 15 So.2d. 300.

This being so, this appellant's attempted justification of his acts on the theory that he was acting in defense of his daughter must be judged by reference to the daughter's rights to act under the facts and circumstances of this case.

The undisputed evidence in the record is to the effect that none of the four Transit Company employees touched appellant's daughter or addressed any words to her. Their only act was to res-

cue her from the severe assault being made on her by her husband, such rescue being brought about by the daughter's outcries for help. After being thus rescued the daughter stood some few feet away, and certainly from the evidence it may be inferred was in no way molested, or even spoken to by any of her rescuers. We find no scintilla of evidence from which it could be inferred that the daughter could, under the facts of this case, have been in position to justify an assault on her rescuers had she made one. Her father stands in her shoes.

 When facts are fully proven, or as to which there is no doubt, the court may so state in its charge to the jury. Loman v. State, 19 Ala.App. 611, 99 So. 769; Pugh v. State, 4 Ala.App. 144, 58 So. 936.

Upon examination of this record we are of the opinion that no error is present materially affecting the substantial rights of the appellant.

Affirmed.