68 So.2d 858

**GAFFORD et al. v. STATE.**

**1 Div. 669.**

Court of Appeals of Alabama.

Dec. 8, 1953.

Jas. R. Owen, Bay Minette, for appellants.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

By affidavit these three appellants were charged with fighting together in a public place in Baldwin County.

Said affidavit thus charges the appellants with an affray, an offense denounced by Section 17, Title 14, Code of Alabama 1940.

The cause was, after appellants conviction in the County Court of Baldwin County, appealed to the Circuit Court of Baldwin County. In this court their trial before the court without a jury again resulted in a judgment of guilty. From such judgment appeal was perfected to this court.

In the trial below the evidence presented by the State and by the defense was without material contradictions.

It tended to show that around 9:00 p. m. on a night in August the three appellants, Cecil Melton, Dolphus Melton, and Rufus Gafford, accompanied by Miss Jeanette McMillan were driving along a highway in Baldwin County in the direction of Spanish Fort.

They stopped at the Blue Light, a roadside tavern, apparently for only a short while. When they left Arthur Terry and Joe Simmons asked for a ride, and were permitted to enter the automobile. The inference from the record is that Terry and Simmons were not known to the others prior to this time. Both Terry and Simmons had been drinking.

Cecil Melton was driving the automobile, and Miss McMillan and Rufus Gafford sat on the front seat with him. Terry, Simmons and Dolphus Melton occupied the rear seat.

As the group reached the Montrose community Simmons, according to Miss McMillan, who was a State witness, "all of a sudden this man reached up and put a knife around his neck and told him to stop and Dolphus told us this man had a knife."

Dolphus Melton caught Simmons' arm and a scuffle ensued between them. In this melee Simmons stabbed Dolphus in the leg, inflicting a wound some three inches deep.

Cecil Melton stopped the car in a matter of seconds, left his seat under the steering wheel, and went around to the right rear of the automobile. He reached through the window and attempted to wrest the knife from Simmons. He eventually succeeded in pulling Simmons from the car, and these two continued to fight on the roadside.

Terry left the automobile on the left side and walked around it toward the fight. As he drew close Cecil Melton hit him one lick and knocked him out. At this interruption Simmons fled the scene.

Terry revived in a moment or so, and helped the others to push the car off.

Terry testified he had been drinking a good bit and did not remember about the occurrences before the fight.

Miss McMillan testified that as Terry left the car Rufus Gafford drew back to hit him, but she told him not to, and Gafford did nothing further. It was then that Terry walked around the car to where Cecil Melton and Simmons were fighting, with the result that he was knocked out by Cecil Melton

An affray is the fighting together of two or more persons in a public place, to the terror of others. Thompson v. State, 70 Ala. 26; McClellan v. State, 53 Ala. 640. It is distinguished from an assault because of the place in which it is committed and the members engaged in it. McClellan v. State, supra. The fighting must be in a public place, otherwise it is an assault and battery. Carwile v. State, 35 Ala. 392.

The general rule is that not only is one justified in defending himself, but it is also his right and duty to defend others upon whom crimes of violence are threatened. In such case the intervener steps into the shoes of the person defended. Robin-

son v. City of Decatur, 32 Ala.App. 654, 29 So.2d 429.

An analysis of the undisputed evidence shows that the hitchhiker Simmons first placed an open knife at the neck of Cecil Melton and told him to stop the car. This was an unprovoked and felonious assault with a deadly weapon. Certainly Dolphus Melton was fully justified in attempting to prevent this apparent assault with a deadly weapon upon his brother. So far as this record reveals, this was Dolphus Melton's only activity. Clearly he is not guilty of any criminal offense, but is to be commended for his efforts to save his brother from death or serious bodily harm.

When Dolphus attempted to restrain Simmons the evidence shows that Simmons then turned his felonious attack on Dolphus, and did succeed in inflicting a serious knife wound on him.

Cecil then intervened to prevent the furtherance of this felonious assault on Dolphus, an act he was fully justified in doing under the law.

While thus attempting to suppress the felonious acts of Simmons he was approached by Terry, a companion of Simmons. Upon the appearance of things, Cecil took time by the forelock and knocked Terry out. Was this act criminal under the circumstances?

■■ Our courts are committed to the proposition that in an assault and battery, and assault with a weapon, the plea of self defense is complete if the defendant did not provoke the difficulty and did not fight willingly, making the question of retreat and of the necessity of the defendant being in danger of losing his life or suffering grievous bodily harm inapplicable in such cases. Taylor v. State, 17 Ala.App. 508, 85 So. 877, and cases therein cited.

Clearly Cecil Melton did not provoke the difficulty with Terry. It was Terry who injected himself into the fight between Melton and Simmons by leaving the automobile and approaching the fight. He must be placed in Simmons' shoes by his aborted intervention. So placed Cecil's acts were fully justified so far as Terry is concerned.

So far as the appellant Rufus Gafford is concerned, the evidence shows only that he raised his arm as if to hit Terry when Terry first left the automobile. He did not do so at the request of Miss McMillan.

The uncontradicted evidence shows that Terry and Simmons, unknown to the appellants at the time, were together when they requested the ride. Thereafter Simmons made an unprovoked and felonious attack upon at least two of occupants of the car. The night was dark.

Surely under the circumstances any reasonable man would suspicion a concert of action between Simmons and Terry. Simmons at the time was engaged in a fight with Cecil Melton who had intervened to save his brother from Simmons' assault. Gafford was fully warranted, under the facts in preparing to defend himself by assuming an attitude of readiness for combat. The exercise of such legal right in a normal manner does not constitute aggression or forfeit the principle of self defense.

There being no evidence tending to show any of these appellants guilty of any illegal conduct, this cause must be reversed as to each appellant.

Reversed and remanded.