GRIMES, Judge.
This is an appeal from an adjudication of delinquency predicated upon a finding of guilt of participating in an affray. Affrays are proscribed by Fla.Stat. § 870.-01(1)(1973).
The victim was accosted by a group of persons at Middleton School in Tampa. Several of the group members struck the victim. Appellant was charged with assault and battery. At the trial, appellant, who did not go to Middleton School, was identified as being with the group. However, no one, including the victim, stated that appellant participated in the beating. The court held there was no proof of assault and battery but found appellant guilty of participating in an affray, as a “lesser included offense.”
The only Florida case cited to us on the subject of affray is Carnley v. State, 1924, 88 Fla. 281, 102 So. 333, in which the court upheld an assault and battery verdict entered upon an information which charged both assault and battery and affray in a single count. Pertinent to the instant case, the court observed:
“The common law defined an affray as the fighting of two or more persons in a public place, to the terror of the people. Our statute merely prescribes the punishment for, and does not attempt to define, an affray; so we must resort to the common-law definition.
“Is assault and battery then embraced within an affray? It has been repeatedly held that an affray by fighting, as defined by the common law and by statutes which substantially follow and denounce the common-law offense, necessarily includes assault and battery, and that an indictment for the former offense is in effect merely for the several assaults and batteries. . . .”
Thus, it appears that assault and battery is a lesser included offense of an affray and not vice versa. One reason for this is that in an affray two or more persons must fight, whereas an assault and battery may be committed by only one person. There was no proof that the appellant participated in the beating. Therefore, he could not be guilty of participating in an affray.
We do not now pass on the question of whether appellant can be retried on a charge of simple assault.
Reversed.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.