651 So.2d 1255 (1995)
D.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1166.
District Court of Appeal of Florida, First District.
March 14, 1995.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.C
Robert A. Butterworth, Atty. Gen. and Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, a high school student, was adjudicated delinquent after being found guilty of the misdemeanor offenses of attempted battery on a school employee and affray. On appeal, he contends that the evidence was insufficient to sustain findings of guilt for these offenses. We agree that the state failed to carry its burden of proving the attempted battery offense, but we sustain the finding of guilt on affray.
*1256 A delinquency petition charged the appellant with battery on a school employee and affray. The charges arose from appellant's schoolyard fistfight with a fellow student in which an assistant principal was struck while attempting to stop the fight. To prove the battery offense, the state presented testimony from several witnesses, including the alleged victim and appellant's opponent in the fight. None of the state's witnesses saw the appellant strike the assistant principal, and the victim herself conceded that appellant's opponent could have struck the blow. In response to appellant's motion for judgment of acquittal, the state successfully argued that appellant's intent to strike his opponent could be transferred to the assistant principal. Accepting this argument, the trial court found the appellant guilty of attempted battery upon a school employee.
We agree with the appellant that the doctrine of transferred intent will not sustain the finding of guilt. As we held in Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993), the doctrine only operates to transfer the defendant's intent as to the intended victim to the unintended victim. Thus, only the appellant's intent to strike his opponent  a student  could be transferred, and there could be no intent to strike a school employee.
Concerning the affray,[1] we conclude that the evidence was sufficient to sustain the finding of guilt and the adjudication of delinquency. Florida has adopted the common law definition of "affray," which proscribes "the fighting of two or more persons in a public place to the terror of the people." Carnley v. State, 88 Fla. 281, 102 So. 333 (1924); see O.A. v. State, 312 So.2d 202 (Fla. 2d DCA 1975). The appellant has argued that the fight was not in a public place, having occurred at a high school that was not open to the public, and further, that the fight was not "to the terror of the people."
Although Florida authority is nonexistent, we are instructed by the experiences of North Carolina and Alabama, which states have adopted the identical common law definition of affray. The requirement that the fight occur in "a public place" has not been given strict or literal construction in the common law. 12 Am.Jur.2d Breach of Peace § 20 (1964). Thus, a fight in a fenced private lot could support conviction for an affray where the fight was visible from a public street. See Carwile v. State, 35 Ala. 392 (1860). It has also been held that the presence of seven persons in addition to the combatants will make a place "public" for purposes of an affray. State v. Fritz, 133 N.C. 725, 45 S.E. 957 (1903). In the instant case, the fact that the fight occurred on a campus not open to the public is less significant than the fact that it was witnessed by approximately 100 onlookers. See In re Drakeford, 32 N.C. App. 113, 230 S.E.2d 779 (N.C. Ct. App. 1977) (though vacated on double jeopardy grounds, a student was convicted of affray for her part in a fight on a school bus). As for "terror," it has been held that the fight need not create actual terror to constitute an affray, but such may be presumed from fighting in a public place. Carwile, supra. This is consistent with the common law notion of an affray as an attack upon the public order and sense of security which could lead to actual violence. See State v. Huntley, 25 N.C. 418 (1843). By all accounts, appellant's fight created a considerable disruption sufficient to constitute an affray.
We therefore affirm the adjudication of delinquency on the basis of affray, and reverse insofar as the adjudication rested on the offense of attempted battery upon a school employee.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, MINER and WOLF, JJ., concur.
NOTES
[1] Section 870.01(1), Florida Statutes (1993), makes an affray a misdemeanor of the first degree.