707 So.2d 844 (1998)
D.L.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01814.
District Court of Appeal of Florida, Second District.
February 27, 1998.
James Marion Moorman, Public Defender, and Robert H. Dickinson, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, a juvenile who was found to be delinquent under the affray statute (§ 870.01(1), Fla. Stat. (1995)), challenges the statute as unconstitutionally vague. He also maintains that the court erred by failing to conduct his delinquency disposition hearing properly, by imposing an indefinite term of community control and by imposing a fine after orally announcing that a fine would not be imposed. While we conclude that the affray statute is not impermissibly vague and that the delinquency disposition hearing was not properly conducted, we also conclude that the sentence imposed must be clarified and the $50 fine must be stricken.
Florida has adopted the common law meaning of affray, which is that affray is fighting in a public place to the terror of the people. See O.A. v. State, 312 So.2d 202 (Fla. 2d DCA 1975). See also D.J. v. State, 651 So.2d 1255 (Fla. 1st DCA 1995). In order to overcome a void-for-vagueness challenge, a criminal statute must define the offense "with sufficient definiteness that ordinary *845 people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." See Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Given the fact that readily available dictionaries define "affray" as a public fight or brawl, we conclude that the term "affray" is defined with sufficient definiteness that ordinary people can understand what conduct is prohibited. Moreover, we can conceive of no manner in which the affray statute would be arbitrarily or discriminatorily enforced due to the definition of the term "affray." We conclude that the affray statute is not impermissibly vague.
The statute provides that, before committing the juvenile, the court must consider the restrictiveness level recommended by the Department. Here, after the court rejected the Department's community control recommendation, it proceeded to impose a level six restrictiveness commitment, despite appellant's counsel's objection that the court had not requested a restrictiveness level recommendation from the Department. The First District has consistently held that it is error for a court to reject the Department's non-commitment (community control) recommendation and commit a juvenile without considering a restrictiveness level recommendation from the Department. The court has held in this regard that community control is not a "restrictiveness level." See R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA), reh'g granted, 698 So.2d 1225 (Fla.1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
We disagree, however, with the First District's interpretation of the statute. We do not believe the statute requires the court, once it has already rejected the Department's non-commitment recommendation, to then ask the Department for a second recommendation. A request for a second recommendation would seem particularly unnecessary in view of section 39.052(4)(e)3., Florida Statutes (1995), the next paragraph of the statute, which allows the court to reject the Department's restrictions level recommendation provided that the court state for the record the reasons for its deviation from the Department's recommendation. For these reasons, we find ourselves in conflict with the First District in finding no error in the court's refusal to request a second recommendation from the Department.
Additionally, since the court did not distinguish between appellant's two offenses (affray and disrupting a school function) in pronouncing sentence, and did not specify the term of community control which was to follow the commitment or the maximum term of commitment, the sentence must be remanded for clarification. See A.J.Y. v. State, 687 So.2d 921 (Fla. 2d DCA 1997); S.D. v. State, 687 So.2d 948 (Fla. 2d DCA 1997). Moreover, the commitment order should be amended to show that appellant was adjudicated delinquent pursuant to a nolo plea.
Finally, the written disposition order must be corrected to conform to the court's oral announcement that the Crimes Compensation Trust Fund fine would be waived. See Wilcox v. State, 674 So.2d 191 (Fla. 2d DCA 1996).
FRANK and NORTHCUTT, JJ., concur.