(92 South. 27)

## BOHANNON v. STATE. (6 Div. 973.)

(Court of Appeals of Alabama. Jan. 19, 1922.)

1. Bigamy ⊃9—Certified copies of application for license, license, and certificate of previous marriage admissible.

In prosecution for bigamy, involving issue as to whether defendant had been previously married, certified copies of defendant's application for marriage license, marriage license, and certificate of marriage of the defendant to alleged prior wife, were properly authenticated as required by law, were admissible.

2. Bigamy ⊃13—Issue as to defendant's previous marriage held for jury.

In prosecution for bigamy, involving issue as to whether the defendant had been previously married, evidence held sufficient for submission of such issue to the jury.

3. Criminal law ⊃813—Abstract charges properly refused.

Abstract charges were properly refused.

4. Criminal law ⊃1144(14)—Charge given, where not set out in record, presumed to cover propositions contained in refused charges.

Where special written charge given at defendant's request was not set out in the record, as required by the law, it must be presumed on appeal that the propositions of law contained in the refused charges were fairly and substantially covered by the charge so given.

Appeal from Circuit Court, Jefferson County; A. B. Foster, Judge.

C. D. Bohannon was convicted of bigamy, and he appeals. Affirmed.

The certificate referred to contains the application and affidavit for the marriage, the license, and the certificate of the minister who performed the ceremony. All this is certified to be a true and correct copy of the record as found in a certain book at a certain page, the certificate being made by the clerk of the circuit court, who also certified that the records were in his possession, and required to be kept by him under the law.

Appended to this is the certificate of the circuit judge that the circuit clerk making the certificate is the clerk of the circuit court, that his signature is genuine, and that he is the proper custodian of the records certified.

Harwell G. Davis, Atty. Gen., for the State.

No brief came to the Reporter.

BRICKEN, P. J. By the indictment in this case the defendant was charged with the offense of bigamy, it alleging, among other things:

"Having a wife then living, he unlawfully married one Thelma Cook, and, having so married the said Thelma Cook, continued to cohabit with her in Jefferson county, Ala."

The evidence is without dispute as to the fact of this defendant having married the said Thelma Cook in Jefferson county, Ala., as alleged, and that, after having so married, they lived together as man and wife, and he continued to cohabit with her in Jefferson county, Ala., and that he was the father of the child which had been born to them. The only remaining question, therefore (as aptly stated by the learned judge who tried this case), "a question which goes to the very foundation of this offense," is whether or not the defendant had been married prior to the time when it is alleged that he married Thelma Cook, and if the wife of such prior marriage was then living, and still the wife of defendant.

[1, 2] It was contended by the state that this defendant, about 17 years prior to his marriage with Thelma Cook, had married one Miss Margaret J. Friar; that this marriage occurred in the state of Mississippi; and in support of this contention offered in evidence, over the objection of the defendant, a certified copy of an application of defendant for marriage license, a certified copy of the marriage license, and a certified copy of the "certificate of marriage" of this defendant to said Miss Margaret Friar. This transcript was properly authenticated as required by law, and was therefore admissible. Hawes v. State, 88 Ala. 37, 70, 7 South. 302; Woodward v. State, 5 Ala. App. 202, 59 South. 688; Reid v. State, 168 Ala. 118, 53 South. 254. The objection was properly overruled. There was other evidence also as to this defendant and said Margaret Friar having lived together as man and wife, and that she was living in the state of Georgia at the time of appellant's marriage to said Thelma Cook, and that she still lives there. No contention was made nor effort to show that a divorce had ever been applied for or granted dissolving the bonds of matrimony between appellant and Margaret Friar. To the contrary, the defendant testified that "I did not think it was necessary to get a di-

vorce from her." He also testified that he secured the marriage license from the clerk of the court in Mississippi, and also that he went through some sort of a ceremony with Margaret J. Friar in Mississippi before one Brock, but that he did not know he was a Baptist minister; that he did not consider it legal, etc. A jury question was presented, and there was ample evidence adduced' upon this trial to sustain the verdict rendered.

[3, 4] The charges refused to defendant were abstract, and were properly refused. Moreover the record shows that the court gave at request of the defendant a special written charge. This charge is not set out in the record, as the law requires, and the presumption must be indulged that the propositions of law contained in the refused charges were fairly and substantially covered by the charge given at the instance of the defendant, and for this reason also the court will not be put in error for the refusal of the special written charges.

The record is free from error also. The judgment of the circuit court must therefore be affirmed.

Affirmed.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes