(125 So. 603)

## BOOKER v. CITY OF BIRMINGHAM.
### (6 Div. 545.)

Court of Appeals of Alabama. Oct. 29, 1929.

Rehearing Denied Nov. 19, 1929.

Harrison Kendrick, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

RICE, J. This prosecution originated in the recorder's court, from a judgment of conviction in which defendant appealed to the circuit court. On trial in the circuit court before the court without a jury, defendant was again convicted of the offense of possessing prohibited liquor in violation of a city ordinance.

The undisputed evidence showed that, when defendant was arrested at her home, the officers found 72 bottles of "home brew,"

and one witness testified that "home brew" is beer. If anything were lacking in the way of definiteness as to the character of the liquid which was the basis of appellant's present sorrow, appellant supplied it in her own evidence, which followed immediately upon the testimonial definition of "home brew," wherein she referred to the liquid repeatedly as "home brew." There is no merit in the suggestion that the proof failed to show a prohibited liquor.

Under the ordinance of the city of Birmingham for the violation of which appellant was prosecuted (following Code 1923, § 4615), *beer* is a prohibited liquor.

■ As hereinabove pointed out, the liquid in this case was shown to be beer. It was therefore not essential that it be shown to be alcoholic. Grant v. State, ante, p. 54, 120 So. 465.

■ The predicate laid by the appellee showed that, when appellant was arraigned before the recorder, no coercion in the way of hopes, threats, or promises was employed. Over objection, appellee was permitted to prove that appellant was asked by the recorder whether she wished to plead guilty or not guilty. and that appellant pleaded guilty. In overruling appellant's objection, the court did not err. This evidence was admissible as being in the nature of a judicial confession. Angling v. State, 137 Ala. 17, 34 So. 846; Loman v. State, 19 Ala. App. 611, 99 So. 769; Dawson v. State, 21 Ala. App. 346, 108 So. 261.

After a careful consideration of all the evidence, we are not persuaded that the trial court erred in overruling appellant's motion for a new trial. Finding no error, the judgment will be affirmed.

Affirmed.