155 So. 887

## PEEVER v. CITY COM'RS OF FLORENCE.
### 8 Div. 974.

Court of Appeals of Alabama.
June 27, 1934.

Fred S. Parnell, of Florence, for appellant.

W. H. Mitchell, of Florence, for appellee.

BRICKEN, Presiding Judge.

The prosecution of this appellant for a violation of a certain ordinance of the city of Florence, Ala., originated in the municipal court of said city, and the trial resulted in his conviction. From the judgment of conviction in said court, the defendant (appellant) appealed to the law and equity court of Lauderdale county and demanded a jury trial. The appeal was perfected and the cause transferred to said law and equity court. At the August term, 1933, of said court, the defendant was arraigned and pleaded "not guilty." At this juncture the attorney for appellee made a motion to dismiss the appeal upon the grounds that the defendant had pleaded guilty to the charge at the trial of this case in the municipal court. This motion was resisted by defendant, but the court granted the motion and entered judgment accordingly. From said judgment this appeal was taken.

By the assignment of errors appellant insists: (1) The court erred in sustaining the motion of appellee to dismiss the said appeal; and (2) also in permitting the witness Stutts to testify, over the timely objection of appellant, "That he was present at the trial of appellant in the City Court of Florence, Alabama, and that the appellant plead guilty."

No question is involved as to the regularity and sufficiency of the appeal taken by defendant from the judgment of conviction in the municipal court. This clearly appears in the transcript of the record of proceedings transmitted to the law and equity court as the law requires. The judgment entry in the recorder's court appears in the transcript sent up to the law and equity court, and is as follows:

"Recorder's Court. 11 day of May, 1933. Trial No. A–6803.

"City Commissioners of Florence v. G. C. Peever.

"Charge: Violating Prohibition Law

"This day came the defendant and in open court pleads not guilty. Upon hearing the

evidence in the case the defendant is found guilty and fined $100.00, and required to pay $4.00 costs in the case, and failing to pay such fine and costs is committed to labor on the streets 104 days unless such fine and costs are sooner paid.

"S. B. Howard, Recorder."

█ This judgment speaks for itself, and cannot be contradicted by parol evidence. It specifically refutes the insistence made by counsel for the city and upon which the motion to dismiss was predicated; hence assignment of error (2) is well taken and is sustained. This, however, is immaterial to the real issue involved here. The law is, a plea of guilty in a recorder's court does not preclude the defendant from taking an appeal to a higher court, and in sustaining the motion to dismiss upon this sole ground the court erred to a reversal; therefore assignment of error (1) is also sustained. Wright v. City of Bessemer, 209 Ala. 374, 96 So. 316; Sammons v. State, 23 Ala. App. 162, 122 So. 309; Williams v. State, 25 Ala. App. 697, 145 So. 927. In the Wright Case, supra, this point of decision is discussed at length. We see no necessity in reiterating or quoting what has there been said. Mere reference thereto will show that it is conclusive of the point of decision upon which this case is here rested and a direct authority necessitating a reversal of the judgment here appealed from.

Reversed and remanded.