199 So. 255

## GRAY v. STATE.

### 2 Div. 687.

Court of Appeals of Alabama.
Dec. 17, 1940.

Ernest V. Otts, of Greensboro, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

. SIMPSON, Judge.

The appellant was convicted in the Circuit Court of Hale (a dry) County of the possession, contrary to law, of prohibited whiskey. Trial was before the court without a jury.

■■ The uncontroverted evidence for the State that the defendant ran from the officer and threw from his pockets two pint bottles of "whiskey", one of them a "Green River bottle", that the witness (the officer) knew it was whiskey, could tell it from the "smell", was sufficient proof of the illegal character of the contents of the bottles. Code 1923, Sec. 4650; Posey v. State, Ala.App., 196 So. 749,[1] certiorari denied 239 Ala. 669, 196 So. 749. This evidence was uncontroverted. The defendant elected not to introduce any evidence, but, at the close of the State's case, moved for his discharge. In our opinion such evidence sufficiently established the corpus delicti and, if believed by the court, was enough to support its conclusion of guilt.

■ The fact that the defendant pleaded guilty to the charge before the County Court was admissible as being in the nature of a judicial confession. Angling v. State, 137 Ala. 17, 34 So. 846; Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603; Loman v. State, 19 Ala.App. 611, 99 So. 769.

While according due consideration to the argument of appellant's counsel, we must hold that the record fails to disclose reversible error.

Affirmed.

