40 So.2d 103

### EDWARDS v. STATE.
### 4 Div. 66.

Court of Appeals of Alabama.

April 12, 1949.

374

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and J. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was tried and convicted for the offense of bigamy. Title 14, § 47, Code 1940.

The marriage license record of Russell County, Alabama, shows that Hazel Wyatt and Willie V. Edwards were married on March 27, 1944. The same record discloses that on September 10, 1947, Hazel Edwards and James Arthur Martin were joined in wedlock.

The State proved that Willie Edwards, the first husband of the accused, was living at the time of the trial below.

The prosecution introduced as a witness the assistant clerk of the circuit court who acted as a commissioner to take the testimony in an equity case, and also a court reporter who officially reported the proceeding in a prior criminal case. Each of these witnesses gave evidence to the effect that, while testifying in these causes, the accused admitted her marriage to Edwards and her subsequent illicit cohabitation with Martin.

The appellant did not testify in the case at bar nor offer any evidence in her behalf.

■ In the instant case the burden was on the State to prove by the evidence beyond a reasonable doubt that there was a valid prior marriage entered into by the appellant; that a second marriage had been contracted between the accused and James Martin and this latter event occurred while the husband by the first marriage was living. Fuquay v. State, 217 Ala. 4, 114 So. 898; Booker v. State, 24 Ala.App. 179, 132 So. 70.

Of course, proof of material jurisdictional facts was required.

■ Counsel for appellant insists that the records from the probate office should not have been admitted over his objections. It was perfectly proper, and in accord with many authorities, to admit these records in evidence. Eldridge v. State, 126 Ala. 63, 28 So. 580; Garner v. State, 9 Ala.App. 60, 64 So. 183; Bohannon v. State, 18 Ala. App. 365, 92 So. 27.

■ The position is urged that the custodian of the records could not say that of his own knowledge the appellant was the identical person to whom the licenses were issued. In our view the subsequent evidence supplied this claimed deficiency. Our review, therefore, is controlled by the rule which provides that the admission of evidence in the absence of a foundation for its admissibility, if error in the first instance, is without injury if subsequently in the proceedings the essential connecting proof is established. Page v. Haas Bros. Packing Co., 9 Ala.App. 445, 63 So. 691; Hurst v. State, 1 Ala.App. 235, 56 So. 18; Herring v. State, 242 Ala. 85, 5 So.2d 104.

■ We hold that the statements to which the assistant clerk and the court reporter testified come within the class of admissions or declarations against interest by the appellant. These assertions were inconsistent with defendant's position in the case at bar. Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387; Ritter v. Griswold, 2 Ala.App. 618, 56 So. 860; Gray v. State, 29 Ala.App. 568, 199 So. 255; Motley v. Page, 250 Ala. 265, 34 So.2d 201.

■ We are clear to the conclusion that the appellant was not due the general affirmative charge. We have attempted to set out a fair delineation of the tendencies of the evidence. A discussion of this question is obviously not required.

■ The court properly refused written instruction number 2. It was not incumbent upon the State to prove cohabitation under the second marriage. Beggs v. State, 55 Ala. 108; Owens and Beaty v. State, 94 Ala. 97, 10 So. 669.

This disposes of all questions which are presented for our review.

The judgment of the lower court is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.