134 So.2d 752

Shirley DANIEL

v.

STATE.

6 Div. 822.

Court of Appeals of Alabama.

May 30, 1961.

Rehearing Denied Oct. 17, 1961.

Reuben L. Newton, Jasper, and John T. Batten, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant, Shirley Daniel, was tried in the Winston County Court of Law and Equity upon an affidavit charging him with the unlawful possession of prohibited beverages. In that court he entered a plea of guilty, and was adjudged guilty as charged. From that conviction he appealed to the Circuit Court.

In the Circuit Court the solicitor filed a complaint charging that defendant, "did sell, offer for sale, or have in his possession prohibited liquors or beverages, a part of which was alcohol, contrary to law." Defendant was convicted by a jury, was adjudged guilty, and he appeals from said judgment.

For the state, G. C. Berry, Sheriff of Winston County, testified that on June 25, 1960, he stopped an automobile in which defendant was riding with three companions on highway 278 in Winston County. A search of the vehicle revealed six and a half gallons of beer and Country Club Malt liquor. The defendant was sitting on the right hand side of the front seat with a carton of malt liquor between his feet.

Deputy Sheriff Pitt Wilson testified he was with Sheriff Berry when the defendant and his companions were arrested. He stated defendant had in his hand an opened can of beer about two thirds full. There were 102 cans of malt liquor and beer in the automobile.

For the defendant John Scoggans testified he was in the automobile with the defendant and two others when they were stopped by the sheriff. He stated the beverage in the car belonged to him and to Monk Cagle, and that defendant did not own any of it; that witness was sitting in the back seat and just prior to their being stopped he handed the defendant an empty beer can to be thrown out of the window of the automobile.

Monk Cagle testified he was the owner of the automobile and he was driving it when the defendant, together with himself and their companions, was arrested; that the beer or liquor in the car belonged to him and the previous witness Scoggans and no part of it belonged to defendant. He stated that some of the beer was on the floor board up front and the remainder was in the trunk.

The defendant testified he had no interest in the beer or liquor; that he had not consumed any beer in Winston County, but drank some in Jefferson County that some of the beer was on the floor board up front but was not between his feet; that the empty can Scoggans had handed him to throw out was on the floor board. He further testified the sheriff advised him to plead guilty to possession of the beer in the Law and Equity Court rather than have a transportation case made against his friend, Monk Cagle, and the judge of the Law and Equity Court said he could take an appeal and get a jury trial.

■ We are of the opinion under the evidence adduced the court properly refused defendant's requested charge 1. Such charge, which is the general affirmative charge without the hypothesis of the jury's belief of the evidence, imperatively directs the defendant's acquittal. Dannelley v. State, 130 Ala. 132, 30 So. 452.

"Where the evidence is of a substantial nature or there are reasonable inferences tending to prove the material issues in the case, the defendant is not entitled to a directed verdict or the general affirmative charge." Esdale v. State, 260 Ala. 45, 68 So.2d 519, 523.

It is contended in brief that the court erred in allowing testimony of the clerk as to defendant's guilty plea entered in the law and equity court and in permitting the introduction in evidence of the judgment of that court showing the plea and the judgment of conviction entered thereon.

The state introduced as a witness the circuit clerk, who was also the clerk of the Winston County Court of Law and Equity, who testified he was the custodian of the records of the circuit court and of the law and equity court. The witness was asked if he had the record showing the disposition of defendant's case in the law and equity court.

Defense counsel objected to the introduction of the record because, "this defendant comes in here as if nothing else was done prior to this trial." The court overruled the objection. Thereupon the clerk identified the record in his hand as the docket sheet showing how the case was disposed of and this question was asked:

"Q. I will ask you what order was made in this case?"

Thereupon, counsel for defendant stated:

"I have got no objections. Go ahead and answer it."

The witness read from the docket sheet as follows:

"Eighth, first sixty, Defendant pleads guilty. He is guilty as charged and the

Court assesses a fine of fifty dollars and costs, Fred Jones, Judge. And defendant appeals and the bond is fixed at three hundred dollars."

The clerk was permitted, over defendant's objection, to testify that he was present in court and that he heard the defendant plead guilty to the charge in the law and equity court.

We are of the opinion the statement of the clerk that he heard the defendant plead guilty in the lower court was admissible as being in the nature of a judicial confession or an admission against interest. Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603; Gray v. State, 29 Ala.App. 568, 199 So. 255; Edwards v. State, 34 Ala.App. 373, 40 So.2d 103.

The entering of a plea of guilty in a county court, or other court of inferior jurisdiction, does not preclude the defendant from taking an appeal to a higher court. Title 13, Sec. 349, Code 1940; Rowell v. State, 27 Ala.App. 158, 167 So. 605; Peever v. City Com'rs of Florence, 26 Ala.App. 212, 155 So. 887. After the appeal is taken the case is transferred to the higher court for a trial de novo. Title 15, Section 363, Code, supra.

Upon a trial in the circuit court the judgment in the lower court cannot "be looked to as a matter of evidence or of estoppel." Louisville and Nashville Railroad Co. v. Lancaster, 121 Ala. 471, 25 So. 733, 735; Adair v. State, 30 Ala.App. 58, 200 So. 791; Anthony v. City of Birmingham, 240 Ala. 167, 198 So. 449.

In Dodd v. State, 32 Ala.App. 307, 26 So.2d 273, it is said:

"When the appeal from the county court was perfected, that court lost all jurisdiction of the case and final jurisdiction was vested in the circuit court where the trial was de novo. There was no error in the action of

the trial court in refusing to allow the defendant 'to show the file in the county court.'"

In Baylor v. Commonwealth, 190 Va. 116, 56 S.E.2d 77, 78, the Supreme Court of Virginia, in reversing the circuit court for considering the judgment of conviction entered on the defendant's plea of guilty by the trial justice, quoted approvingly from Gravely v. Deeds, Trial Justice, 185 Va. 662, 40 S.E.2d 175, as follows:

"This court has held repeatedly that on appeal from the judgment of a trial justice the case is tried de novo in the circuit or corporation court. The appeal is, in effect, a statutory grant of a new trial. It not only annuls the judgment of the trial justice, but it is reversible error to permit such judgment to be introduced in evidence before the jury. The question on appeal is not whether the judgment of the justice is correct but whether the accused is guilty of the offenses charged. In determining this issue the judgment of the trial justice is disregarded."

We are clearly of the opinion that the judgment of the lower court adjudging the defendant guilty is not admissible in a trial de novo in the circuit court. However, we are further of the opinion that reversible error cannot be predicated on the admission of the judgment here, because of defense counsel's waiver of objection to the reading of the judgment to the jury.

Moreover, since the defendant waived his objection to the reading of the judgment to the jury he cannot complain of the court's instructions concerning the judgment which were favorable to him. The portion of the oral charge to which exception was reserved is as follows:

"There is one item that was introduced in evidence here, and that is the docket on which was made the judgment entry in the County Court, and the

purpose of that's being introduced here, and it was admitted solely for your consideration along these lines, and that was on the basis of showing on it of an admission against interest on the part of the accused, or of what we also refer to as judicial confession, and for no purpose whatsoever of showing that there was an order and judgment on the part of the Court below adjudging him guilty, or for the purpose of adjudging him innocent. It was admitted for that purpose, and that purpose only."

We pretermit a determination as to whether defendant's refused charge 2 states a correct legal proposition, since it was properly refused because of the waiver of objection to the reading to the jury of the judgment of the lower court.

■ Counsel for appellant contends in brief that certain remarks made by the trial court in the presence of the jury during the cross-examination of the sheriff were "tantamount to the court's saying in the presence of the jury that Mr. Newton was wholly unfair and unethical in his questions and his conduct of the defense and that he knew better than to ask such questions." And, "* * * that the conduct of the court in his verbal chastisement of appellant's attorney in the presence of the jury * * * was calculated to cause the jury to hold contempt for appellant's attorney, and was therefore highly prejudicial to the appellant and calls for a reversal."

The remarks complained of were as follows:

"Q. All right, let me ask you this: Isn't it a fact that you told these boys that to keep from placing a transporting charge against the owner of the car, that you would make it a violating the prohibition law case if they all claimed it? A. I believe that I told the boys in jail that if we placed the

transporting charge against him, that he would lose his car. That was the statement that was made.

"Q. That he would lose his car? A. That's right.

"Q. All right then, isn't it a fact that at that time and on that occasion as the Sheriff of Winston County that you held out as hope of reward an inducement to get these boys to plead guilty of violating the prohibition law.

"Mr. Weaver: We object to that.

"The Court: Sustained.

"Q. (By Mr. Newton): But you did hold the threat over their heads that if they didn't plead guilty to violating the prohibition law that you would place a charge of transporting on the owner of the car and—

"The Court: Sustained.

"Mr. Weaver: We object to that.

"Mr. Newton: I object to the Court sustaining objections before the attorney for the State makes the objections.

"The Court: Mr. Newton, I recognize your exceptional abilities, but this is, to my mind, so clearly outside the *relm* of proper evidence. You are talking about other boys. You are not talking about this defendant. That has nothing whatsoever to do with this case.

"Mr. Newton: I would like to state my reasons for it.

"The court: All right.

"Mr. Newton: My reason is this: That here is the Sheriff who has four young men in jail, one of who owns the car that they got the beer out of. He realizes that they might take it, and the Sheriff goes to the jail and talks with them and tells them that if they

don't all plead guilty to the charge of violating the prohibition law that he will make out a charge of transporting against the owner of the car and he will lose his car.

"The Court: What does that have to do with this boy here (indicating defendant)?

"Mr. Newton: It would have a lot to do with it.

"The Court: What?

"Mr. Newton: Intimidation in front of the witnesses.

"The Court: I can't see that you could show that the Sheriff intimidated every prisoner in jail except the one on trial.

"Mr. Newton: Except to the Court's ruling.

"The Court: I would like to say at this time, to make myself clear about sustaining objections. I realize, and we all do, that it is very easy for the defendant, without any hope of losing any grounds, to get any sort of illegal evidence in the record or before a jury. He has nothing to do or to lose by trying it, and I think it is well to keep all of that away from the jury and out of the record as much as possible. The State has no recourse against anything that goes in that shouldn't go in other than asking for a mistrial, and we don't want that.

"Mr. Newton: I want to make exception to the court's remarks."

We think the explanations of the court as to his reasons for sustaining certain of the state's objections were improper and should have been omitted.

It is our opinion that the substantial rights of defendant were unduly prejudiced thereby, and for this reason the judgment of conviction must be reversed.

Reversed and remanded.