McMILLAN, Judge.
On December 20, 1986, the appellant was charged with driving under the influence of alcohol, in violation of Section 9-1, Code of Ordinances of the City of Dothan, and Code of Alabama (1975), § 32-5A-191(a)(2). On October 26,1987, the appellant entered a guilty plea to this charge in the Dothan Municipal Court, and was sentenced to twelve months in the municipal jail, with all but ninety days of this sentence suspended upon appellant’s good behavior. The appellant was also ordered to attend the Level II DUI school.
On November 9, 1987, the appellant appealed to the Houston County Circuit Court for a trial de novo. The appellant was found guilty in a jury trial of driving under the influence of alcohol, and was sentenced to a term of twelve months of hard labor in the municipal jail, with nine months of this term suspended on the condition that the appellant pay a fine of $800.00 and costs, and attend Alcoholics Anonymous meetings. This appeal followed.
I.
The appellant contends that the trial court erred in permitting the prosecution tp question him as to his previous plea of guilty of driving under the influence that was entered in municipal court. The appellant argues that because he was tried de novo in circuit court, any evidence pertaining to the guilty plea he entered in municipal court should be inadmissible.
The record shows that, at the conclusion of the prosecution’s case in chief, the appellant took the witness stand in his own defense. During cross-examination of the appellant, the following occurred:
“Q. So we’re supposed to — The jury is supposed to believe your accounts of what it was — drunk as you were — over-the recollection of three police officers? That were not drunk?
“A. I know this, I did not pull into that apartment.
“Q. Is that what you’re asking the jury to believe?
“A. Yes.
“Q. You didn’t drive the truck?
“A. No, sir.
“Q. You didn’t urinate on yourself?
“A. No, sir. Never have.
“Q. And you didn’t do this?
“A. No, sir. I didn’t drive. I was not driving.
“Q. You’re not guilty of this offense?
“A. No, sir.
“Q. If — Well, if you’re not guilty of this offense, why in the world on October 20th, 1987 ...
“MR. HUDGINS: I’m going to object.”
The trial court held a bench conference on the appellant’s objection outside the presence of the jury, after which the court held *383 that evidence concerning the guilty plea entered by the appellant in municipal court was admissible. The following exchange then took place:
“MR. LAMERE: Let me go ahead and ask it again. I believe my question was going to be — I didn’t finish it — but my question was going to be, If you’re not guilty of this offense, why in the world on October 20th, 1987, did you plead guilty to this charge in City Court?
“MR. HUDGINS: Just a second. Your Honor, for the record, I want to enter an objection to this line of questioning and ask that it be struck on the basis that it’s not admissible; that this is a trial de novo and therefore, everything that went before it is not admissible at this point.
“THE COURT: I’m going to overrule the objection as declaration against interest of the defendant.
“A. Okay, the first time I went to court was October 12th. I pleaded not guilty. I got a ninety-day sentence that same day; city jail. They set a trial date of a month and a half away. And at the city jail, if you’re doing time, and you don’t have a case pending, they send you out to work at the Civic Center on the— what, the, uh, jail now. So I talked to some inmates in there with the same circumstance and he pleaded and he said I would probably get forty-eight hours. Right then, it seemed worth it to plead guilty.
“Q. So you told the Judge, “I did it”?
“A. So I did, and ...
“Q. But you’re saying here today that you didn’t do it?
“A. Didn’t do it. Couldn’t see doing that time for something I didn’t do.
“Q. Which time are you telling the truth Mr. Phillips?
“A. This time.
“Q. So you lied to a Judge in the City Court?
“A. Yeah, I guess you could say that. Yeah.
“MR. LAMERE: That’s all.”
It is well settled under Alabama law that on cross examination of the defendant, a defendant’s guilty plea in a lower court, but not the judgment of the lower court, is admissible in the criminal trial in circuit court as being in the nature of a judicial confession or an admission against interest, when there was no evidence that the plea was induced by coercion, threats, or promises or leniency. Daniel v. State, 41 Ala.App. 405, 134 So.2d 752 (1961), cert. denied, 273 Ala. 706, 134 So.2d 757 (1961); Edwards v. State, 34 Ala.App. 373, 40 So.2d 103 (1949); Gray v. State, 29 Ala.App. 568, 199 So. 255 (1940); Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603 (1929). See also 22A C.J.S., Judicial Admissions, § 733, n. 18.10 (1961). See also Motley v. Page, 250 Ala. 265, 267, 34 So.2d 201 (1948).
The appellant relies on Broadway v. State, 52 Ala.App. 249, 291 So.2d 338 (Ala.Cr.App.1974), in support of his argument that evidence of his previous plea of guilty was not admissible in his circuit court trial. However, such reliance is misplaced. In Broadway, supra, the appellant entered a plea of guilty to perjury, but was allowed to withdraw his plea prior to trial. At trial, however, the guilty plea was offered into evidence over the appellant’s objections. The appellant’s conviction was reversed by this Court, which held that “[t]he effect of the court’s order in permitting the withdrawal of the guilty plea was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against appellant was in direct conflict with that determination.” Id., 52 Ala.App. at 253, 291 So.2d at 342. The present case is readily distinguishable from Broadway, as this appellant made no attempt to withdraw or recant his plea, nor did the court make any such order or ruling. Therefore, we find no error in the trial court’s admission of defendant’s guilty plea.
II.
The appellant next contends that the trial court committed reversible error by refusing to give two of his requested jury charges. After a thorough review of the record, however, we find no merit in this argument.
*384 The appellant’s requested jury charges are as follows:
“The Defendant is presumed by law to be innocent of the crime charged. This presumption continues with the Defendant throughout the trial and during the jury’s deliberation. The presumption of innocence is overcome when, and only when, the prosecution has established the Defendant’s guilt beyond a reasonable doubt.”
“Unless the prosecution has proven the Defendant guilt beyond a reasonable doubt based on the legal evidence, the presumption of innocence alone is sufficient to acquit the Defendant.”
Code of Alabama (1975), § 12-16-13, states in pertinent part that “[t]he refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s general charge or in charges given at the request of the parties. ...” See also Ex parte Wilhite, 485 So.2d 787, 789 (Ala.1986); Bascom v. State, 344 So.2d 218 (Ala.Cr.App.1977).
In the case sub judiee, the trial court charged the jury, in pertinent part, as follows:
“The fact that the Defendant has been accused of committing a crime should not be used as evidence by you that maybe he did commit a crime. The Defendant should be presumed to be innocent until proven guilty. You should not let the accusation itself influence you at all.
“I will, at this time, try to explain to you the concept of reasonable doubt. According to the laws, the Defendant — in this case Mickey Phillips — is presumed to be innocent until proven guilty, because he is presumed to be innocent. Neither Mr. Phillips nor his attorney [has] to try to convince you he is innocent. Unless the State convinces you of the Defendant’s guilty beyond a reasonable doubt and to a moral certainty, the Defendant is to be found not guilty.”
The trial court’s oral charge to the jury “substantially and fairly” covers the points of law expressed by the appellant’s requested charges, and therefore the court properly refused to give these charges. Further, both requested jury charges are mere statements of legal principles and contain no instruction as to the effect they would have upon application to the issues of this case. Such charges are abstract and may properly be refused. Wyrick v. State, 409 So.2d 969 (Ala.Cr.App.1981).
For the foregoing reasons, the judgment of the trial court is correct and is due to be affirmed.
AFFIRMED.
All Judges concur.