KELLUM, Judge.
The appellant, Otha Lee Woods, pleaded guilty in Montgomery District Court to driving under the influence of alcohol ("DUI"), a violation of § 32-5A-191(a)(1), Ala.Code 1975. Woods appealed to the Montgomery Circuit Court for a trial de novo, where he was again convicted of DUI. The circuit court sentenced Woods to 12 months' imprisonment in the county jail, suspended that sentence and placed Woods on 2 years' supervised probation. The circuit court ordered Woods to pay a $600 fine, $250 to the crime victims' compensation fund, and court costs.
Because Woods does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary in this case. On June 25, 2013, at approximately 5:00 p.m., Alabama state trooper Thomas Hutton observed Woods driving on Interstate 65. Hutton testified that Woods was speeding and that he made several lane changes without signaling. Hutton initiated a traffic stop of Woods's vehicle. When Hutton approached the vehicle and spoke to Woods, Hutton smelled a strong odor of alcohol. Hutton asked Woods to perform several field-sobriety tests, and Woods complied. After Woods was unable to successfully complete the tests, Hutton placed Woods under arrest for DUI. A subsequent breathalyzer test conducted approximately three hours after his initial arrest registered Woods's blood-alcohol level at .08. Woods pleaded guilty to DUI in the Montgomery District Court on December 12, 2013.
Woods's appeal to the circuit court was tried before a jury on January 26, 2015. After both sides rested and the circuit court instructed the jury on the applicable *485 principles of law, the jury found Woods guilty of DUI. This appeal followed.
Woods's sole contention on appeal is that the circuit court erred when it admitted into evidence at trial a redacted copy of the sentencing order in Woods's guilty-plea conviction in the Montgomery District Court in which the district court accepted Woods's plea of guilt to DUI and found him guilty of DUI. Specifically, Woods contends that it was error to "introduce the district court's judgment of guilt in the trial de novo in circuit court." (Woods's brief, p. 2.) Initially, we must address the State's contention that this issue is not preserved for review on appeal.
The record indicates that before trial Woods moved to exclude evidence of his guilty plea in the district court and argued as follows:
"[DEFENSE COUNSEL]: I understand that it is the State of Alabama's intention to offer evidence of Mr. Wood[s]'s plea of guilty in the district court. We would like to make a motion in limine on that. This is a trial de novo. Our position would be that nothing [that] happened downstairs is relevant or admissible up here. Further, under Rule 403, [Ala. R. Evid.,] if it were relevant, somehow it would be substantially outweighed by the prejudicial effect. And I'd like to make that motion.
"THE COURT: All right. What says the State?
"[DEFENSE COUNSEL]: If it comes up in the trial, I'll make the same objection.
"[PROSECUTOR]: Judge, it is my understanding, that is an admission of guilty when he plead[s] guilty in court. Regardless of what-I understand what he's saying, it's a trial de novo. That doesn't wipe out what the conviction is there for. It just gives him an opportunity to have a trial by jury, if requested, and the evidence starts over.
"THE COURT: Well, I think the law has-case-law has developed ... whereby our appellate courts have said that when somebody pleads guilty in the lower court, it appeals that, that the fact that they pled guilty can be introduced in the trial. Is that your understanding of it?
"[DEFENSE COUNSEL]: Well, I need to make my record.
"THE COURT: I know, but is that your understanding?
"[DEFENSE COUNSEL]: I think that's correct. Well, maybe I should strike that, because if I say that and the law changes next week, they'll say I invited error, but....
"THE COURT: Well, but I'm just saying, it all depends if the law changes next week, if it's retroactive.
"[DEFENSE COUNSEL]: Anything can happen.
"THE COURT: I'm just saying. I mean, you know, let's just say that. That's the state of the law today.
"[DEFENSE COUNSEL]: I understand the Court's position. And I take [it] that means my motion is denied. The Court having denied the motion in limine, will it be necessary for me to object to the same thing in the course of the trial?
"THE COURT: Well, I can't tell you how to practice law."
(Supp. R. 26-28.)
At the close of the State's case, the State attempted to introduce a copy of the district court's sentencing order, which, according to the State, was a certified copy of Woods's guilty plea in district court. The following exchange then occurred:
*486 "[DEFENSE COUNSEL]: Your Honor, first of all, same objection. Same objection we made in our motion in limine. Additionally, Your Honor, this is just a sentencing order, certified copy of his sentencing order. This is not a-
"THE COURT: It says he pled guilty.
"I want to redact that because they don't need to get into sentencing.
"[PROSECUTOR]: I understand.
"THE COURT: He pled guilty.
"[DEFENSE COUNSEL]: Anyway, main thing it's the same-
"THE COURT: All right. Noted for the record."
(Supp. R. 66-67.)
The circuit court then admitted into evidence a redacted copy of the sentencing order that was published to the jury. The redacted order stated:
"The Defendant appeared with Counsel Julian McPhillips and entered a plea of guilty to the charge of Driving Under the Influence and the Court having ascertained that the Defendant has a full understanding of what a plea means and its consequences and that there is a factual basis for the plea, it is hereby ORDERED, ADJUDGED and DECREED that the Defendant is found to be guilty as charged."
(C. 115.)
Woods testified on his own behalf at trial. On direct examination, Woods denied that he was drunk when he was stopped by police and attributed his high blood-alcohol reading to his use of the prescription drug Albuterol through a nebulizer. During the State's cross-examination of Woods, the following exchange occurred:
"THE COURT: All right. Now, at the time that you left Trussville, had you taken the Albuterol ?
"[Woods]: Yes; yes, sir.
"THE COURT: So you took the Albuterol prior to 2:30?
"[Woods]: Yes, sir.
"....
"[PROSECUTOR]: All right. It'd been-according to this test, it'd be 7:20 p.m. was when you completed the test, so it had been about five hours since you had last taken-or more than five hours since you had taken the Albuterol ?
"....
"[Woods]: I really don't know. I just know when I need it, I use it.
"[PROSECUTOR]: So you don't know when the last time you took the Albuterol ? All right.
"[PROSECUTOR]: I don't have anymore questions at this time.
"THE COURT: All right. Anything else?
"[DEFENSE COUNSEL]: No, sir.
"[THE COURT]: Where is that district court document?
"[PROSECUTOR]: I believe I left it with you, Your Honor.
"THE COURT: No. It's probably down there-
"[PROSECUTOR]:-on the bench.
"THE COURT: Ask him about that.
"[PROSECUTOR]: All right.
"Q. [PROSECUTOR]: Mr. Woods, do you recall going to the district court first for this driving under the influence of alcohol case?
"A. Pardon me?
"Q. Do you recall going to the district court for driving under the influence of alcohol and pleading guilty on December 12, 2013?
*487 "[DEFENSE COUNSEL]: Same objection, Your Honor.
"THE COURT: Overrule.
"[DEFENSE COUNSEL]: May I have a continuing objection on this line of questioning?
"THE COURT: No such thing as a continuing objection.
"[DEFENSE COUNSEL]: Yes, sir.
"Q. Did you plead guilty to this DUI down in district court?
"[DEFENSE COUNSEL]: Same objection.
"THE COURT: Same ruling; overrule.
"A. No.
"Q. You did not plead guilty to it?
"A. No. I had accepted it, because my lawyer told me to.
"Q. Have you seen the sentencing order, sir? Have you seen a copy of the sentencing order?
"....
"Q. I'm going to show you what has been admitted as State's Exhibit Number 3 and ask if you can read this right here?
"A. Yeah.
"Q. And it says you entered a plea of guilty to the charge of driving under the influence; is that correct? That's the sentencing order from Judge Jimmy Pool. Is that what you just read?
"A. That's what I just read.
"Q. Okay.
"[PROSECUTOR]: That's all the questions I have, Judge."
(Supp. R. 95-97.)
The general rules of preservation are well settled. In Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003), our Supreme Court stated:
" 'Review on appeal is restricted to questions and issues properly and timely raised at trial.' Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). 'An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.' Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). ' "[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.' McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted). 'The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). 'The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.' Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994)."
"The critical consideration for the preservation of error for appellate review is that the trial court be sufficiently informed of the basis of the defendant's argument." Ex parte Parks, 923 So.2d 330, 333 (Ala.2005). "When the trial court understands the basis for defense counsel's objection, a reviewing court should not be 'too strict in its application of the waiver principle.' " Gamble v. State, 699 So.2d 978, 979 (Ala.Crim.App.1997) (quoting Ex parte Webb, 586 So.2d 954, 956 (Ala.1991) ).
The record as a whole clearly establishes that Woods objected to the admission of any evidence regarding his guilty plea in the district court. Woods first objected to the admission of such evidence in a motion in limine made before trial. During trial, Woods made the same objection when the State moved to admit a copy *488 of the district court's sentencing order, and he objected yet again when the State referenced Woods's guilty plea on cross-examination. Given the objections made by Woods and the circuit court's response to those objections, we are satisfied that Woods properly preserved this issue for review on appeal.
We now turn our review to the substantive issue raised by Woods-whether the circuit court erred when it admitted into evidence at trial a copy of the district court's sentencing order in which the district court accepted Woods's plea of guilt to DUI and found him guilty of DUI.
In its brief on appeal, the State cites this Court's decision in Phillips v. City of Dothan, 534 So.2d 381 (Ala.Crim.App.1988), for the "well established" legal principle that "a defendant's guilty plea in a lower court, but not the judgment itself in the lower court, is admissible in a criminal trial in Circuit Court because a guilty plea is a judicial confession or an admission against interest." (State's brief, p. 10.) In Phillips, the defendant was charged with driving under the influence and entered a guilty plea to that charge in municipal court. The defendant appealed to the circuit court for a trial de novo and was subsequently found guilty. During his trial, the defendant testified on cross-examination that he was not driving the vehicle and that he was not guilty of driving under the influence. When the State questioned the defendant about his guilty plea in municipal court, defense counsel objected. The trial court overruled the objection as a declaration against interest of the defendant. Phillips, 534 So.2d at 383.
On appeal, the defendant argued that "the trial court erred in permitting the prosecution to question him as to his previous plea of guilty of driving under the influence that was entered in municipal court" because, he argued, he was tried de novo in the circuit court and any evidence of his guilty plea should be inadmissible. Phillips, 534 So.2d at 382. This Court disagreed with the defendant and affirmed his conviction, holding:
"It is well settled under Alabama law that on cross examination of the defendant, a defendant's guilty plea in a lower court, but not the judgment of the lower court, is admissible in the criminal trial in circuit court as being in the nature of a judicial confession or an admission against interest, when there was no evidence that the plea was induced by coercion, threats, or promises or leniency. Daniel v. State, 41 Ala.App. 405, 134 So.2d 752 (1961), cert. denied, 273 Ala. 706, 134 So.2d 757 (1961) ; Edwards v. State, 34 Ala.App. 373, 40 So.2d 103 (1949) ; Gray v. State, 29 Ala.App. 568, 199 So. 255 (1940) ; Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603 (1929). See also 22A C.J.S., Judicial Admissions, § 733, n. 18.10 (1961). See also Motley v. Page, 250 Ala. 265, 267, 34 So.2d 201 (1948)."
Phillips, 534 So.2d at 383.
Upon further examination of our holding in Phillips, however, we are convinced that the holding in Phillips violates well settled principles of law regarding a trial de novo and that the admission of such evidence is inherently prejudicial.
Section 12-12-70, Ala.Code 1975, provides for the right to appeal a final judgment of the district court in a criminal case. Section 12-12-71, Ala.Code 1975, provides that all appeals from final judgments of the district court shall be to the circuit court for a trial de novo. "[A] trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another court."
*489 Yarbrough v. City of Birmingham, 353 So.2d 75, 78 (Ala.Crim.App.1977). This includes guilty-plea proceedings in the municipal or district court. See Ex parte Sorsby, 12 So.3d 139 (Ala.2007).
In Ex parte Sorsby, supra, our Supreme Court explained:
"A trial de novo is '[a] new trial on the entire case-that is, on both questions of fact and issues of law-conducted as if there had been no trial in the first instance.' Black's Law Dictionary 1544 (8th ed.1990). In Louisville & Nashville R.R. v. Lancaster, 121 Ala. 471, 473-74, 25 So. 733, 735 (1899), this Court stated:
" '[After appeal from a judgment of a justice of the peace] the case is to be tried in the circuit court de novo; or, in other words, as if no trial had ever been had, and just as if it had originated in the circuit court. The appeal when taken operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel."The judgment of the justice is not reversed or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the city or circuit court." Abraham v. Alford, 64 Ala. 281 [ (1879) ]; Harsh et al. v. Heflin, 76 Ala. 499 [ (1884) ].'
"(Final emphasis added.) At the district court level, whether [a defendant] is found guilty following a bench trial, stipulates to the facts as alleged by the State in order to be found guilty, or pleads guilty, review in the circuit court is by trial de novo without any consideration being given to the prior proceedings in the district court."
Ex parte Sorsby, 12 So.3d at 146.
The holding in Phillips effectively prevents a defendant from "wiping the slate clean" when a defendant appeals a guilty plea entered in municipal or district court to the circuit court for a trial de novo. Instead, a defendant is encumbered by a guilty plea in the lower court that, once admitted into evidence, answers the ultimate question posed to the trier of fact during a trial de novo-whether a defendant is guilty of the crime charged.
In whatever form, the admission of evidence of a guilty plea made in the lower court in a trial de novo is so overly prejudicial that it runs afoul of Rule 403, Ala. R. Evid., which provides:
"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
(Emphasis added.)
"The proper test for determining whether relevant evidence has been properly excluded under Rule 403 is to determine whether 'its probative value is substantially outweighed by the danger of unfair prejudice.' (Emphasis added.) McElroy's Alabama Evidence clarifies the Rule 403 standard by stating: 'This principle does not empower the trial judge to exclude evidence simply because it is prejudicial or because its prejudice outweighs its probative value. Rather, exclusion is merited only when the prejudice substantially outweighs the probative value.' Charles W. Gamble, McElroy's Alabama Evidence, § 21.01(4) (5th ed.1996) (footnotes omitted) (emphasis original).
" 'Unfair prejudice' under Rule 403 has been defined as something more *490 than simple damage to an opponent's case. Dealto v. State, 677 So.2d 1236 (Ala.Crim.App.1995). A litigant's case is always damaged by evidence that is contrary to his or her contention, but damage caused in that manner does not rise to the level of 'unfair prejudice' and cannot alone be cause for exclusion. Jackson v. State, 674 So.2d 1318 (Ala.Crim.App.1993), reversed in part on other grounds, 674 So.2d 1365 (Ala.1994). 'Prejudice is "unfair" if [it] has "an undue tendency to suggest decision on an improper basis." ' Gipson v. Younes, 724 So.2d 530, 532 (Ala.Civ.App.1998), quoting Fed.R.Evid. 403 (Advisory Committee Notes 1972). See, also, Rule 403, Ala. R. Evid."
Ex parte Vincent, 770 So.2d 92, 95-96 (Ala.1999).
In this case, the admission of the district court's redacted sentencing order indicating that Woods had pleaded guilty in the lower court to DUI and that the district court had entered a judgment of guilt created "unfair prejudice" by suggesting guilt based on a guilty plea that was entered in a lower court and the conviction appealed for a trial de novo. Because Woods appealed the lower court's judgment for a trial de novo, the "slate was wiped clean" and his plea of guilt was held for naught. Therefore, any admission in the circuit court of his guilty plea in the district court was unfairly prejudicial. Accordingly, the circuit court abused its discretion in admitting into evidence the district court's redacted sentencing order. To the extent that Phillips and the cases cited therein hold otherwise, those decisions are overruled.
Furthermore, we cannot say that the admission of the redacted sentencing order was harmless error. The harmless-error rule provides, in pertinent part:
"No judgment may be reversed or set aside ... on the ground of ... improper admission or rejection of evidence, ... unless in the opinion of the court to which the appeal is taken or application is made, after examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Rule 45, Ala. R.App. P.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the United States Supreme Court held that before the violation of certain constitutional rights can be held to be harmless, the appellate court must be able to declare a belief that the error was harmless beyond a reasonable doubt. In Ex parte Crymes, 630 So.2d 125 (Ala.1993), the Alabama Supreme Court explained:
"In determining whether the admission of improper [evidence] is reversible error, this Court has stated that the reviewing court must determine whether the 'improper admission of the evidence ... might have adversely affected the defendant's right to a fair trial,' and before the reviewing court can affirm a judgment based upon the 'harmless error' rule, that court must find conclusively that the trial court's error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant."
630 So.2d at 126. See also Ex parte Greathouse, 624 So.2d 208, 210 (Ala.1993) (holding that the proper harmless-error inquiry asks, absent the improperly introduced evidence, "is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty").
In the instant case, it is not clear beyond a reasonable doubt that the jury would have returned a guilty verdict regardless *491 of the admission of the district court's redacted sentencing order.
Accordingly, Woods's conviction is reversed and this case is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.