STUART, Justice.
This Court granted certiorari review to address a question of first impression for this Court: Whether it is improper to admit into evidence in a trial de novo in the circuit court evidence of a defendant's plea of guilty made in the district court? We hold that it is not, and we reverse and remand with directions.
*492 Facts and Procedural History
In the Montgomery District Court, Otha Lee Woods pleaded guilty to and was convicted of driving under the influence of alcohol, a violation of § 32-5A-191(a)(1), Ala. Code 1975. Woods appealed to the Montgomery Circuit Court for a trial de novo.
In the circuit court, Timothy Hutton, the law-enforcement officer who arrested Woods, testified that he stopped Woods's vehicle at 4:50 p.m., that when he approached Woods he smelled alcohol emanating from Woods, that Woods failed the field-sobriety tests Officer Hutton administered, and that at 7:20 p.m. a breath-analyzer test indicated that Woods's blood-alcohol level was .08. Before the State rested, the State moved to admit into evidence the district court's sentencing order incorporating its judgment, which referenced Woods's guilty plea. The circuit court admitted into evidence over Woods's objection a redacted version of the sentencing order, which stated:
"The Defendant appeared with Counsel Julian McPhillips and entered a plea of guilty to the charge of Driving Under the Influence and the Court having ascertained that the Defendant has a full understanding of what a plea means and its consequences and that there is a factual basis for the plea, it is hereby ORDERED, ADJUDGED and DECREED that the Defendant is found to be guilty as charged."
(Capitalization in original.)
Woods testified, stating that at the time of his arrest he was taking several medications and that he believed the breath-analyzer machine used for his test was malfunctioning. During cross-examination, the prosecutor asked Woods if he had pleaded guilty to driving under the influence in the district court. Woods objected to the question, and the circuit court overruled his objection. Woods responded that his counsel had advised him to plead guilty in the district court. Woods, after being asked to read a portion of the district court's sentencing order, agreed with the prosecutor that the order stated that he had entered a plea of guilty to the charge of driving under the influence.
A jury found Woods guilty of driving under the influence. The circuit court entered a judgment of conviction and sentenced Woods to 12 months' imprisonment. The sentence was suspended, and Woods was ordered to serve two years' supervised probation. Woods appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals reversed the circuit court's judgment, holding that the circuit court's admission of evidence of Woods's plea of guilty made in the district court "violate[d] well settled principles of law regarding a trial de novo and that the admission of such evidence [was] inherently prejudicial." Woods v. State, 261 So. 3d 483, 488 (Ala. Crim. App. 2016). The State petitioned for certiorari review.
Standard of Review
" ' " ' "This Court reviews pure questions of law in criminal cases de novo." ' " Ex parte Brown, 11 So.3d 933, 935 (Ala. 2008) (quoting Ex parte Morrow, 915 So.2d 539, 541 (Ala. 2004), quoting in turn Ex parte Key, 890 So.2d 1056, 1059 (Ala. 2003) ).' Hiler v. State, 44 So.3d 543, 546 (Ala. 2009)."
State v. Simmons, 179 So.3d 249, 250 (Ala. 2014).
Discussion
The State contends that the Court of Criminal Appeals erred in reversing the circuit court's judgment because, it says, the circuit court did not err in admitting *493 evidence of Woods's plea of guilty made in the district court.
In Phillips v. City of Dothan, 534 So.2d 381 (Ala. Crim. App. 1988), the Court of Criminal Appeals stated:
"It is well settled under Alabama law that on cross examination of the defendant, a defendant's guilty plea in a lower court, but not the judgment of the lower court, is admissible in the criminal trial in circuit court as being in the nature of a judicial confession or an admission against interest,[1 ] when there was no evidence that the plea was induced by coercion, threats, or promises or leniency."
534 So.2d at 383.
As the Phillips court noted, this principle is well settled. In Booker v. City of Birmingham, 23 Ala.App. 312, 313, 125 So. 603, 604 (1929), the court stated:
"The predicate laid by the appellee showed that, when appellant was arraigned before the recorder, no coercion in the way of hopes, threats, or promises was employed. Over objection, appellee was permitted to prove that appellant was asked by the recorder whether she wished to plead guilty or not guilty, and that appellant pleaded guilty. In overruling appellant's objection, the court did not err. This evidence was admissible as being in the nature of a judicial confession."
Similarly, in Gray v. State, 29 Ala.App. 568, 569, 199 So. 255, 255 (1940), the court stated: "The fact that the defendant pleaded guilty to the charge before the County Court was admissible as being in the nature of a judicial confession." In Daniel v. State, 41 Ala.App. 405, 134 So.2d 752 (1961), the court distinguished between the admission into evidence in a trial de novo of the lower court's judgment as opposed to the admission into evidence of testimony as to the defendant's guilty plea. The court held that "the judgment of the lower court adjudging the defendant guilty is not admissible in a trial de novo in the circuit court." 41 Ala.App. at 408, 134 So.2d at 755. The court reasoned that, because a trial de novo was the equivalent of " 'a statutory grant of a new trial,' " id. (quoting Gravely v. Deeds, 185 Va. 662, 664, 40 S.E.2d 175, 176 (1946) ), the lower court's judgment was irrelevant to the proceeding. However, the court further recognized that "the statement of the clerk that he heard the defendant plead guilty in the lower court was admissible as being in the nature of a judicial confession or an admission against interest." 41 Ala.App. at 408, 134 So.2d at 754.
Booker, Gray, and Daniel, which are all cited in Phillips, harmonize with the principle that "a defendant's guilty plea in a lower court, but not the judgment of the lower court, is admissible in the criminal trial in circuit court as being in the nature of a judicial confession or an admission against interest." 534 So.2d at 383.
In reversing the circuit court's judgment in this case, the Court of Criminal Appeals overruled Phillips. In concluding that the admission into evidence at a trial de novo in the circuit court of a guilty plea entered in the district court is erroneous, the Court of Criminal Appeals reasoned that a trial de novo from the district court, see § 12-12-71, Ala. Code 1975, " 'means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another court.' " Woods, 261 So. 3d at 488 (quoting Yarbrough v. City of Birmingham, 353 So.2d 75, 78 (Ala. Crim. App. 1977) ). The court, quoting Ex parte Sorsby, 12 So.3d 139, 146 (Ala. 2007), further *494 stated that " 'review in the circuit court is by trial de novo without any consideration being given to the prior proceedings in the district court.' " 261 So. 3d at 494. Based on those propositions, the Court of Criminal Appeals concluded:
"The holding in Phillips effectively prevents a defendant from 'wiping the slate clean' when a defendant appeals a guilty plea entered in municipal or district court to the circuit court for a trial de novo. Instead, a defendant is encumbered by a guilty plea in the lower court that, once admitted into evidence, answers the ultimate question posed to the trier of fact during a trial de novo-whether a defendant is guilty of the crime charged."
261 So. 3d at 489.
We disagree; the admission into evidence in a trial de novo of a defendant's plea of guilty made in the district court, provided that the plea was voluntary, is not error. A trial de novo in the circuit court provides a defendant with a clean slate with regard to a determination of whether he or she is guilty of the offense charged. It is an opportunity to have the defendant's guilt or innocence determined without consideration of the outcome, i.e., the judgment, of the earlier proceeding. Therefore, because the judgment from the prior court proceeding, and not the defendant's guilty plea, answers the ultimate question posed in the trial de novo-whether the defendant is guilty of the offense charged-admission of the judgment, but not of the guilty plea, is prohibited at the trial de novo.
Moreover, a trial de novo does not preclude the admission of evidence used or developed in earlier proceedings. A defendant is not required to enter a plea of guilty in the district court to obtain a trial de novo in the circuit court. Rather, a defendant chooses whether to enter a plea of guilty in the district court. The entry of a guilty plea by the defendant is a voluntary admission and constitutes evidence of culpability. The defendant's guilty plea does not function as a conclusive presumption of guilt, and, like any other piece of evidence, the evidence of a guilty plea can be challenged. Indeed, a defendant's decision to enter a guilty plea in the district court may be based on any number of considerations. For example, a defendant could argue that, even though innocent, he or she entered a plea of guilty to avoid the risk of a harsher sentence at trial. See Phillips, 534 So.2d at 383. Because the evidence of a defendant's guilty plea is merely evidence to be weighed by the trier of fact against other evidence, the admission of that evidence is not precluded in a trial de novo.
Furthermore, we cannot agree with the Court of Criminal Appeals that the admission into evidence in a trial de novo in the circuit court of a defendant's plea of guilty made in the district court creates unfair prejudice.
Rule 403, Ala. R. Evid., states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...."
" 'Unfair prejudice' under Rule 403 has been defined as something more than simple damage to an opponent's case. Dealto v. State, 677 So.2d 1236 (Ala. Crim. App. 1995). A litigant's case is always damaged by evidence that is contrary to his or her contention, but damage caused in that manner does not rise to the level of 'unfair prejudice' and cannot alone be cause for exclusion. Jackson v. State, 674 So.2d 1318 (Ala. Crim. App. 1993), reversed in part on other grounds, 674 So.2d 1365 (Ala. 1994). 'Prejudice is "unfair" if [it] has *495 "an undue tendency to suggest decision on an improper basis." ' Gipson v. Younes, 724 So.2d 530, 532 (Ala. Civ. App. 1998), quoting Fed. R. Evid. 403 (Advisory Committee Notes 1972). See, also, Rule 403, Ala. R. Evid."
Ex parte Vincent, 770 So.2d 92, 96 (Ala. 1999).
Although the admission into evidence in a trial de novo in the circuit court of a defendant's voluntary guilty plea in the district court might damage the defendant's case, we cannot conclude that the admission of such evidence unfairly prejudices the defendant. When a defendant enters a voluntary plea of guilty, the defendant acknowledges that he or she understands that he or she is admitting guilt as to the offense charged. As previously stated, a defendant's guilty plea is evidence of culpability; that evidence may be challenged and does not answer the ultimate question posed to the trier of fact-whether the defendant is guilty of the offense charged. Because a defendant voluntarily enters the plea of guilty and, in so doing, acknowledges the consequences of such a plea, we cannot conclude that the admission at a trial de novo in the circuit court of evidence that the defendant entered a guilty plea in the district court creates unfair prejudice, i.e., an undue tendency to suggest a decision based on an improper ground. Ex parte Vincent, 770 So.2d at 96.
Thus, although it is error to admit into evidence in a trial de novo in the circuit court the district court's judgment, the admission of evidence of a defendant's guilty plea entered in the district court is not improper.
Conclusion
Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded for that court to address Woods's specific argument, not addressed by that court in light of its overruling of Phillips, that, based on Phillips and the cases relied upon in Phillips, the circuit court erred in admitting into evidence the district court's judgment.
REVERSED AND REMANDED WITH DIRECTIONS.*
Bolin, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.
Murdock, J., dissents.

See Rule 801(d)(2)(A), Ala. R. Evid.

Note from the reporter of decisions: On March 17, 2017, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On April 7, 2017, that court denied rehearing, without opinion. On November 17, 2017, the Alabama Supreme Court denied certiorari review, without opinion (1160619).